CITY OF CHARLESTOWN *vs.* COUNTY COMMISSIONERS OF MID-
DLESEX.

SAME *vs.* SAME.
SAME *vs.* SAME.
SAME *vs.* SAME.

A person cannot have an abatement of tax before filing with the assessors the list re-
quired by the Gen. Sts. *c.* 11, § 46; although there is good cause why such a list was not
seasonably brought in, and although he has offered to make out a schedule of his estate
which the assessors have declined to receive, and has made before them an oral state-
ment of his estate under oath.

The St. of 1865, *c.* 121, does not dispense with the filing of a sworn list as a necessary pre-
liminary to the abatement of a tax.

FOUR petitions by the city of Charlestown for writs of *certio-
rari* to quash proceedings of the respondents in abating taxes assessed by the petitioners on the Tudor Ice Company, James Lee, Jr., Jerome G. Kidder and George W. Warren respectively.

These petitions were heard together before *Foster*, J., and it appeared that the respondents had made abatements of the amounts assessed by the assessors of the petitioners on the real estate of the said Company, Lee, Kidder and Warren; that the assessors of the petitioners in their notice to the inhabitants to bring in lists of their taxable property had not asked for lists of real estate, and had told several tax-payers that they did not want lists of real estate; that neither the said Company, Lee, Kidder, nor Warren, had ever sent in lists of their real estate; and that, considering themselves aggrieved by the amount assessed upon them by the petitioners, they had applied to the respondents for abatements, which the respondents had granted, being of opinion that there was "good cause why the lists were not brought in."

The respondents also abated the tax assessed upon the personal property of Lee, being of opinion that he had no personal property liable to taxation in Charlestown.    Lee had never sent in any list of personal estate.

The city insisted that the determination of the respondents as to the reasonableness of the excuses of the several parties applying for an abatement of taxes, for not making a return to the assessors of their taxable property, was not conclusive; and that it appeared by the record in the several proceedings for abatement that the several excuses made were not reasonable and sufficient.    The judge reserved these questions for the determination of the full court.

The statutory provisions affecting the cases are cited in the margin.*

---

* Gen. Sts. *c.* 11, § 22.  "Before proceeding to make an assessment, the assessors shall give seasonable notice thereof to the inhabitants of their respective places, at any of their meetings, or by posting up in their city or town one or more notifications in some public place or places, or by some other sufficient manner.    Such notice shall require the inhabitants to bring in to the assessors, within a time therein specified, true lists of all their polls and estates, both real and personal, not exempted from taxation."

§ 23.  "The assessors shall in all cases require a person bringing in such list to make oath that the same is true, which oath may be administered by either of the assessors."

§ 46.  "No person shall have an abatement unless he has filed with the assessors a list subscribed by him of his estate liable to taxation, and made oath that it is full and accurate to his best knowledge and belief.    When such list is not filed within the time specified by the assessors for bringing it in, no complaint from the judgment of the assessors shall be sustained by the county commissioners, unless they are satisfied that there was good cause why such list was not seasonably brought in."

St. 1865, *c.* 121.  "When the assessors of a city or town have given notice to the inhabitants thereof to bring in true lists of all their polls and estates, not exempt from taxation, in accordance with the provisions of the twenty-second section of the eleventh chapter of the General Statutes, they shall not afterwards abate any part of the tax assessed on personal estate to any person who did not bring in such list within the time specified therefor in such notice, unless such tax exceeds by more than fifty *per centum* the amount which would have been assessed to that person on personal estate, if he had seasonably brought in said list; and if said tax exceeds by more than fifty *per centum*

*H. W. Bragg*, for the petitioners.

*H. G. Hutchins & G. W. Warren*, for the respondents.

WELLS, J.   If the only question in these cases were " as to the reasonableness of the excuse of the several parties applying for an abatement of taxes," for not having filed with the assessors a list under oath of their estate liable to taxation, " within the time specified by the assessors for bringing it in," we should have no hesitation in determining that the writs of *certiorari* ought to be refused.   The conduct of the assessors seems to us to have been in a high degree reprehensible, and calculated to mislead if not to entrap parties liable to taxation.   We see no ground in law for revising the decision of the commissioners in this respect; and we are satisfied that it was right in fact.

But the commissioners did not merely decide that " there was good cause why such list was not seasonably brought in."   Gen. Sts. *c.* 11, § 46.   They held it to be good cause for not bringing in any list at all; and proceeded to entertain the complaint, and revise the assessment, although neither of the parties complaining had ever filed with the assessors the list, without which, the statute provides, " no person shall have an abatement."   This was clearly wrong.   The complainants contend, and the commissioners appear to have understood, that the proviso, permitting them to show good cause, applied to both branches of that section of the statute.   But neither the language of the statute, nor the history of the legislation upon this point, furnishes any warrant for such a construction.   The second branch of the section is based upon and intended to enforce compliance with §§ 22 and 23 of the same chapter.   The proviso is the same in effect as had been the construction of Rev. Sts. *c.* 7, § 40.   *Porter* v. *County Commissioners,* 5 Gray, 365.   It was also held, in the case cited, that St. 1853, *c.* 319, § 3, from which the first branch of Gen. Sts. *c.* 11, § 46, was taken, was an additional provision, and for a different purpose from Rev. Sts. *c.* 7, § 40;

---

the said amount, the abatement sha'l be only of the excess above the said fifty *per centum; provided, however,* that this act shall not affect any person who can show a reasonable excuse for not seasonably bringing in said list."

that it did not "touch the question of a right to appeal to the county commissioners."

In *Otis Company* v. *Ware*, 8 Gray, 509, it was held that the list required by the St. of 1853 could not be filed after the appeal had been made to the county commissioners; that "the assessors had no jurisdiction to act in the matter without such sworn list, and of course no ground existed for a complaint" to the commissioners. The two provisions, St. 1853, *c.* 319, § 3, and Rev. Sts. *c.* 7, § 40, are brought together in one section in the St. of 1857, *c.* 306, § 3, and again in the Gen. Sts. *c.* 11, § 46. The change of the word "until" to "unless," in the General Statutes, is in conformity to and affirmance of the decision in *Otis Company* v. *Ware.*

We are entirely clear that the first branch of the section is and was intended to be a peremptory and absolute denial of all right to have an abatement without first filing with the assessors the list under oath. Neither the assessors nor the commissioners can dispense with this requirement. Even when such a list has been filed, if it was not filed within the time specified by the assessors for bringing in the lists, a complaint to the commissioners can be maintained only when "they are satisfied that there was good cause why such list was not seasonably brought in."

No proper lists having been filed in these cases, there was no foundation for the proceedings. The question of reasonable excuse did not arise. These are not cases of mere technical or formal defect or irregularity, in which this court may exercise its discretion, and grant or refuse the writ according to the demands of substantial justice and equity. As they are now presented, the proceedings of the county commissioners appear to be without authority of law and wholly void.

As the reservation does not authorize us to make a final disposition of the cases here, they must stand over for further proceedings at the next term of the court for the county in which they are pending.

AT a subsequent hearing at April term 1869, before *Morton,* J., the respondents offered to show that the Tudor Ice Com-

pany, Lee, Kidder and Warren, both before and at the time of their applications for abatement, did in fact offer to make out and give schedules of their real estate upon oath, which the assessors declined to receive ; and that they did make orally a statement under oath of their real estate, on their examination as witnesses before the commissioners and assessors.

And they further offered to show, that in consequence of the form of notice published and given to the inhabitants by the assessors, requiring them to bring lists of their personal estates only, and also by reason of the form of blanks proposed by the assessors, and furnished to the inhabitants and other persons liable to be taxed, to be signed and sworn to, no schedules of real estate were rendered by any persons liable to be taxed in 1867 ; that, notwithstanding, abatements of taxes on real estate to a large amount were made to many such persons by the assessors; that, by reason thereof, the said Company, Lee, Kidder and Warren were taxed at more than their just proportion; and that therefore the petitioners ought not to have the benefit of the writs prayed for, when, upon a full hearing of all the facts, it appeared that substantial justice had been done. And on behalf of Lee it was contended that, in any event, he was entitled to an abatement of the tax on his personal property, under the St. of 1865, *c.* 121.

At the request of the respondents, the judge reserved the cases for the determination of the full court; and they were argued at January term 1870, by the same counsel.

WELLS, J.    The questions, now raised and discussed by the petitioners, were fully argued at the former hearing, and substantially decided.    The limited form of the reservation, at that time, alone prevented the final disposition of the cases.    We do not perceive anything, as they are now presented, to modify our conclusions, or change the result then indicated.    The conduct of the assessors afforded " good cause why such list was not seasonably brought in."    But that only removes the objection against any appeal from the judgment of the assessors, by complaint to the county commissioners; and presupposes that the proceedings have been commenced by a proper application to

the assessors. The filing of a list, subscribed and sworn to by the applicant, is essential to such an application. The assessors have no authority to make an abatement without it. Their refusal affords no ground of complaint to the commissioners.

It follows that an " offer to make out and give schedules of their real estate upon oath, which the assessors declined to receive," and the fact that " they did make orally a statement under oath of their real estate, on their examination as witnesses " before the assessors, will not answer as a substitute for the formal list. There are obvious reasons why such a list should be filed as the preliminary step in all proceedings for an abatement. But it is sufficient that the statute requires it.

As the proceedings of the county commissioners are invalid, by reason of a defect which deprives both them and the assessors of all jurisdiction in the matter, the court have no occasion to consider whether substantial justice has been done in the premises or not.

The case of Lee, in regard to a tax on personal estate, stands in the same position with the rest. If he had no taxable personal estate, this tax is illegal, and he has his remedy in another mode. If he seeks his remedy by an application for an abatement, he can have it only by compliance with the conditions which the statute has imposed. The St. of 1865, *c.* 121, does not change those conditions, nor provide a new mode of proceeding. It merely limits the amount of abatement which the assessors are authorized to make.

*Writs of certiorari to issue.*