JOSIAH M. JONES & others *vs.* BOARD OF ALDERMEN OF THE CITY OF BOSTON.

SAME *vs.* SAME.

FREDERICK JONES & others *vs.* SAME.

SAME *vs.* SAME.

An omission of the aldermen of Boston to allege, in an order altering a street, that the alteration was made under the St. of 1866, c. 174, is no ground for quashing the proceedings on *certiorari*, as not conducted under that statute, if the order was passed while it was in force, and the record shows that they intended to, and did, proceed in conformity with it.

The liability of estates abutting on a street in Boston altered under the St. of 1866, c. 174, to be assessed under § 5 for the expense of the alteration, proportionally to the benefit

which thev received from it, accrued on the passage of the order making the alteration, is to be estimated as of that date, and is not affected by the repeal of that section by the St. of 1868, c. 276, § 2.

In the absence of evidence to the contrary, it is to be presumed that an adjudication by the aldermen of Boston under the St. of 1866, c. 174, § 5, of the benefit received by abutting estates from the alteration of a street, and their assessment of the expense accordingly, were made as of the date of the order for the alteration.

An overvaluation by the aldermen of Boston, under the St. of 1866, c. 174, § 5, or the St. of 1868, c. 276, § 1, of the benefit received by real estate from altering a street, as the basis of an assessment thereon for the expense of the alteration, is no ground for quashing the proceedings on *certiorari*, but the remedy of the owner is by petition for a jury.

An order of the aldermen of Boston under the St. of 1866, c. 174, § 5, assessing for the ex- pense of altering a street estates abutting thereon and benefited by the alteration, which lays the assessment on the estates named in a schedule annexed to the order and enti- tled "Schedule of assessments upon the estates that were benefited by the alteration," imports that the schedule includes all the abutting estates which were benefited.

An omission of the aldermen of Boston to allege, in the record of altering a street under the St. of 1866, c. 174, that their assessment of the expense of the alteration upon abut- ting estates thereby benefited was laid on all such estates, is no ground for quashing the proceedings on *certiorari*, in the absence of any allegation, in the petition for the writ, that the assessment was in fact not so laid, and of any evidence that the omission injured the petitioner.

The St. of 1866, c. 174, § 5, construed in connection with § 1, requires the aldermen of Boston, in assessing, for the expense of laying out or altering a street, abutting estates thereby benefited, to lay the assessment ratably upon all such estates; and is constitu- tional.

It is no ground for quashing on *certiorari* proceedings of the aldermen of Boston altering a street, under the St. of 1866, c. 174, that, by a clerical error in the preamble of their adju- dication of the benefit received by abutting estates, the date of the assessment of dam- ages is substituted for the date of the order making the alteration.

The provision of the St. of 1868, c. 276, § 1, that in no case shall assessments upon real estate for special benefits received from the laying out or alteration of a street in Boston, exceed the amount to be paid by the city for such laying out or alteration, construed in connection with the St. of 1866, c. 174, § 3, limits the assessments only to the whole amount of the cost of the laying out or alteration, which the city pays in the first in- stance, without any deduction on account of the partial reimbursement which it may de- rive from such assessments.

It is no ground for quashing on *certiorari* proceedings of the aldermen of Boston altering a street, under the St. of 1866, c. 174, as amended by the St. of 1868, c. 276, which re- pealed § 5 of the former statute, that the schedule of their assessment of the expense of the alteration upon real estate specially benefited by it purports to be made in pursu- ance of the provisions of the repealed section and of § 1 of the St. of 1868.

The remedy by petition for a jury, given by § 7 of the St. of 1866, c. 174, to any party aggrieved by doings of the aldermen of Boston under that statute, extends also to their doings under it as amended by the St. of 1868, c. 276.

MORTON, J. These are petitions for writs of *certiorari* to quash the proceedings of the board of aldermen of Boston in the matters of the widening of Matthews Street and High Street in

Jones *v.* Aldermen of Boston.

that city. In two of the cases, the proceedings were commenced in 1867, — before the amendment of the St. of 1866, *c.* 174,*

* The material parts of the St. of 1866, *c.* 174, which was passed April 23, 1866, and entitled " An act concerning the laying out, altering, widening and improving the streets of Boston," are as follows :

" SECTION 1. The board of aldermen of the city of Boston shall continue to have full power and authority to lay out, widen, discontinue, change the grade of, or otherwise alter, any street within said city, and for these purposes may take any land, and may remove the whole or part of any building which in their judgment it may be necessary to take and remove, and may assess upon the estates abutting on any street which may be laid out, such portion of the expense of such laying out, widening, discontinuance, change of grade, or other alteration, including all damages sustained by any person or persons thereby, as is hereinafter provided ; and their determination so to do shall be adjudicated in the same manner, and upon like notice to parties interested, as is provided by law in other cases of laying out, widening, discontinuance, change of grade, or other alteration of streets."

SECTION 2 provided that, in making an estimate of the expense which might be assessed upon the abutting estates, all damages sustained by any person should be estimated, including damages for land and buildings taken, and in estimating the value of land cut off for said purposes, the land should be estimated at its value before the alteration of the street and such estimate should not include the increased value occasioned merely by such alteration.

SECTION 3 provided that the damages so estimated should be paid to the persons entitled thereto, in the manner provided by law in other cases of laying out or altering streets.

" SECTION 5. Whenever, in the opinion of the board of aldermen, any estate abutting on any street which may be laid out, widened, discontinued, graded or altered, by said board under this act, including the estate so cut off, shall receive any benefit and advantage from such laying out, widening, discontinuance, change of grade, or other alteration, then the said board may adjudge and determine the value of such benefit and advantage to any such estate, and may assess upon the same a portion of the expense of any such laying out, widening, discontinuance, change of grade, or other alteration, including the damages mentioned in the second section of this act, but not exceeding in amount one half the amount of such benefit and advantage."

SECTION 6 provided that all assessments made under this act should constitute a lien on the real estate so assessed, to be enforced in the manner provided by law for the collection of taxes; and might be apportioned into three equal parts, and the payment distributed over the three next ensuing years.

" SECTION 7. Any party aggrieved by the doings of the board of aldermen, under this act, shall have the like remedy by petition, for a jury or otherwise,

by he St. of 1868, *c.* 276; * in the other two, the proceedings were commenced after the St. of 1868, *c.* 276, went into effect.

I. We will first consider the questions raised in the two cases first referred to.

1. The first objection, made by the petitioners to the validity of the proceedings, is, that the board of aldermen had no right to assess any portion of the expenses of the improvement upon the abutting estates, because the widening was not made under the St. of 1866, *c.* 174, and such right to assess existed only in cases where the street was laid out or widened " under this act." This argument assumes that the widening in this case was not under this act; but the petition shows that the contrary was the fact. The widening was made after the act took effect; all the proceedings indicate that the board of aldermen intended to,

---

and with the same limitations as to the time of bringing such petition, as in other cases of laying out, widening, discontinuance, change of grade, or other alteration of streets in the county of Suffolk."

 * The material parts of the St. of 1868, *c.* 276, which was passed and took effect June 4, 1868, and was entitled " An act in amendment of an act concerning the laying out, altering, widening and improving the streets of Boston," are as follows :

" SECTION 1. Wherever any street in the city of Boston shall be laid out, widened, extended, discontinued, graded or altered, and, in the opinion of the board of aldermen of said city, any real estate, including any a part of which may have been taken for such purpose, shall receive any benefit and advantage therefrom, beyond that general advantage which all real property in the said city may receive therefrom, the said board may adjudge and determine the value of such benefit and advantage to any such estate, and may assess upon the same a proportional share of the expense of such laying out, widening, discontinuance, grading or alteration, including damages paid under the second section of the act of which this is in amendment : *provided,* that the entire amount assessed for such benefit or advantage upon all the estates shall not exceed in amount one half the amount of such adjudged benefit and advanage, but in no case shall such assessment exceed the amount to be paid by the said city for such laying out, widening, discontinuance, grading or alteration.

" SECTION 2. The fifth section of the one hundred and seventy-fourth chapter of the acts of the year eighteen hundred and sixty-six, is hereby repealed but this repeal shall not affect any rights or liabilities which have already accrued under the section hereby repealed."

and did in fact, proceed under this act; and the final order of assessment expressly recites that the assessments are made " in pursuance of the provisions of section 5 of chapter 174 of the acts of 1866." Whether the order of July 12, 1867, widening Matthews Street, contains a similar recital or not, does not appear. If it does not, it is immaterial, and furnishes no ground for *certiorari.*

2. The petitioners contend that the aldermen had no right to assess upon their estates any part of the expenses of the improvements, because the fifth section of the act of 1866, conferring this right, was repealed before the assessment was laid. The St. of 1868, *c.* 276, § 2, repeals said fifth section, but provides that " this repeal shall not affect any rights or liabilities which have already accrued under the section hereby repealed." In the cases we are considering, the adjudications widening the streets were made in July 1867. The right of the petitioners to damages, and their liability to be assessed for benefits received by the widening, accrued at the time of the widening. The assessment of the damages, and the adjudication of the amount of benefit which has been received, must of necessity be made at some time subsequent to the widening. But they merely declare the damages sustained, or the benefit received, by and at the time of the widening. The liability to assessment is not created by the adjudication of the aldermen, but by the fact that benefit is received from the widening; and it accrues at the time of the widening, and is to be estimated as of that date. *Whitman* v. *Boston & Maine Railroad,* 7 Allen, 313. *Meacham* v. *Fitchburg Railroad Co.* 4 Cush. 291. *Parks* v. *Boston,* 15 Pick. 198. It follows from these considerations, that the liability of the petitioners to be assessed was not affected by the act of 1868, and that the proceedings of the board of aldermen in this respect were not erroneous.

3. The objection that the adjudication of benefit and the assessment are erroneous, because they are made as of a date subsequent to the date of the widening, cannot be sustained. The final adjudication laying the assessment in these cases was made December 31, 1868. As we have before suggested, the

assessment must, from the nature of the case, be laid at a date subsequent to the widening. Neither the act of 1866 nor the act of 1868 fixes any limit of time within which the assessment must be laid, and it is not alleged that there was any unreasonable delay in making the assessment. But the ground of objection is, that the aldermen have estimated the benefit received at the time of the adjudication, and not at the time of the widening. But this is not made to appear. The language of the order is, that the assessment is laid " upon the estates that were benefited by the widening," indicating that the board estimated the benefits which were received by and at the date of the widening. We cannot presume that they adopted an erroneous principle, or included any illegal elements in their computation, in the absence of any allegation or proof to that effect.

Another answer to this objection is that, if the aldermen erred in their estimate of the amount of benefit received, it would not be a ground of *certiorari* to quash the whole proceedings, but the petitioners' remedy would be by an application for a jury to revise their finding.

4. The next objection is, that the adjudication is merely that " the estates named " have been benefited, and it does not find that these are all the estates benefited; and the petitioners argue therefrom that the aldermen assumed the right to select what estates they pleased, and assess upon them, instead of assessing ratably upon all the estates benefited. There is, however, no allegation in the petition that, in fact, the assessment was not laid ratably upon all the benefited estates. This objection proceeds upon an erroneous construction of the order of the aldermen. The order is, " that the estates named in the said schedule be, and they hereby are, respectively charged with the sums severally named against them." The schedule referred to is a " schedule of assessments upon the estates that were benefited by the widening of " the street in question. We think this fairly imports that it is a schedule of all the estates benefited by the widening.

Besides this, in the absence of any allegation to the contrary,

we must presume that the aldermen did in fact assess upon all the benefited estates, as they were required by law to do. Such being the fact, any inaccuracy of statement or omission to state a fact, in their record, not in any way injuring the petitioners, would be no ground for quashing the proceedings upon *certiorari.* *Monterey* v. *County Commissioners,* 7 Cush. 394.

5. The petitioners contend that the fifth section of the act of 1866, under which the assessments in these cases were laid, is unconstitutional. The constitutionality of an act of the legislature, authorizing the imposition of a proportional assessment or tax upon those who are benefited by a local improvement such as the laying out or widening of a street, for the purpose of paying the cost of such improvement, is not now an open question in this Commonwealth. *Dorgan* v. *Boston,* 12 Allen, 223. The attempt to distinguish the case at bar from the case of *Dorgan* v. *Boston* is founded upon an erroneous construction of the fifth section of the act of 1866. If, as suggested by the petitioners, this section authorized the board of aldermen, at their pleasure, to select some of the estates benefited by the improvement, and lay an assessment upon them, and not upon all ratably, it would be difficult to uphold it as constitutional. But such is not the necessary or reasonable construction of this section. The first section of the act of 1866 provides that the board of aldermen " may assess upon the estates, abutting on any street which may be laid out, such portion of the expense of such laying out, widening, &c., as is hereinafter provided." The fifth section provides that they may assess upon any abutting estate, which receives any benefit from the laying out, widening, &c., a portion of the cost not exceeding one half of the amount of the adjudged benefit. Construing the two sections together, we think the language fairly imports that the assessment is to be laid ratably upon all the abutting estates which receive any benefit. The respondents acted upon this view in the cases at bar; and we are of opinion that such is the reasonable construction. The objection, therefore, that the fifth section is unconstitutional, cannot prevail.

6. It is objected that the adjudication of December 31, 1868, of the benefit received by abutting estates from the widening of Matthews Street, is erroneous, because it recites in the preamble that the widening was made in pursuance of an order passed December 2, 1867. In fact, the widening was made under an order passed July 12, 1867, and the damages were estimated December 2, 1867. This appears in the schedule which is a part of the adjudication. It is entirely clear that the error complained of is merely a clerical error which could injure no one; and it furnishes no ground for quashing the proceedings. A petition for a writ of *certiorari* is addressed to the discretion of the court, and the writ will not be granted on account of formal or technical errors, where no substantial injustice is done to the petitioners. *Pickford* v. *Lynn*, 98 Mass. 491.

II. ·The foregoing considerations dispose of all the questions in the two cases in which the proceedings were commenced in 1867. Some of the same points arise in the other two cases, but they also involve several other questions, which we will now consider.

1. The petitioners contend that the proceedings, in the second case of Frederick Jones and others, are erroneous, because the amount assessed for benefit is larger than one half of the expense of the widening. The last clause of the first section of the act of 1868 is as follows: "but in no case shall such assessment exceed the amount to be paid by the said city for such laying out, widening, discontinuance, grading or alteration." The petitioners claim that this clause limits the amount to be assessed to a sum equal to the amount ultimately to be paid or borne by the city, after deducting from the cost the sums recouped by the assessments upon benefited estates; or in other words, to one half of the expense of the laying out or widening. The language of the statute is not entirely free from ambiguity. It is to be construed in connection with the act of which it is an amendment. The third section of the act of 1866 provides that the damages sustained by the laying out or widening, &c. shall be paid by the city to the persons entitled thereto, in the same manner as is provided by law in other cases of laying out,

widening or altering streets. Thus the whole expense of the laying out, widening, &c., is to be paid in the first instance by the city, and we are of opinion that the provision that the assessment shall not "exceed the amount to be paid by the said city for such laying out," &c., means the whole amount which the city is obliged to pay as the expense or cost of the improvement. Such seems to be the natural and obvious meaning of the language. It is true that the provision is not necessary, as the right, given by the earlier provisions of the statute, to assess a proportional share of the expense, would, by necessary construction, limit the amount of the assessment to the amount of the expense; but we are inclined to think that this provision was inserted to prevent any inference, from the terms of the proviso, that, in cases where one half of the benefit exceeds the cost, the city could assess more than the whole expense. Upon the whole, we are of opinion that the construction claimed by the respondents is the correct one, and that the proceedings of the board of aldermen were not erroneous in this respect.

2. The petitioners object, that the board of aldermen have estimated the value of all the benefit and advantage to the estates named in the schedule, and not merely the benefit and advantage from the improvement "beyond that general advantage which all real property in the said city may receive therefrom." There are two answers to this objection. In the first place, it does not appear that they have, in fact, estimated any benefit except the special benefit accruing to the estates beyond the general advantage to all the real estate in the city. It is not alleged in the petition. They adjudge that the estates have been benefited; and it is to be presumed that in estimating the value of such benefit they proceeded according to law. We cannot presume that any illegal element entered into their computation. But further, the proper remedy of the petitioners, if they are aggrieved by the amount assessed against them, is by an application for a jury to revise the findings of the aldermen, and they cannot rely upon it as a ground for *certiorari*. *North Reading* v *County Commissioners*, 7 Gray, 109.

3. It is further objected, that the schedule of assessment purports to be made out "in pursuance of the provisions of section 5 of chapter 174 of the acts of 1866, and section 1 of chapter 276 of the acts of 1868." But this is a mere formal and technical error, which could not injure the petitioners. The proceedings were, in fact, in conformity to the act of 1866 as amended by the act of 1868, and the recital that they were in pursuance of the fifth section, which had been repealed, is immaterial and furnishes no reason for quashing the proceedings.

4. The only remaining point taken by the petitioners is, that the act of 1868 is unconstitutional, because it makes no provision by which a party aggrieved by the doings of the aldermen may have a trial by jury. This position is untenable. The act of 1868 is an amendment of the act of 1866, and the two must be construed together as one legislative act. The proceedings of the board of aldermen, in the cases we are considering, were under the act of 1866 as amended, and the seventh section of that act applies, and makes provision for an appeal to a jury by any party who is aggrieved.

Upon the whole, we are of opinion that all the petitions must be dismissed. *Petitions dismissed.*

*P. W. Chandler & J. B. Thayer*, for the petitioners.
*J. P. Healy & C. H. Hill*, for the respondents.