FREDERICK O. PRINCE & another *vs.* CITY OF BOSTON.

It is no objection to the assessment of a betterment by the aldermen of Boston, under the St. of 1866, *c.* 174, on the abutters upon a street for the expense of widening the street, that no notice of intention to assess the betterment was given to the abutters before the widening, if notice was given to them of intention to take their lands for the widening.

It is no objection to the assessment of a betterment by the aldermen of Boston, under the St. of 1866, *c.* 174, on the abutters upon a street for the expense of widening the street, that the order for the widening did not award any damages to the abutters whose land was taken, and did not adjudge that any estates were benefited by the widening.

Under the St. of 1866, *c.* 174, the assessment of a betterment by the aldermen of Boston for the expense of widening a street might be laid after the widening.

PETITION by Frederick O. Prince and William G. Prince, for a writ of *certiorari*, to be directed to the board of aldermen of the city of Boston, ordering them to return into this court the record of their doings touching the assessment upon an estate of the petitioners on Devonshire Street in Boston of a portion of the expense of widening said street, that the same might be quashed as erroneous.

The petition alleged that the board of aldermen, by an order passed March 16, 1868, reciting that in their opinion the safety and convenience of the inhabitants required that Devonshire Street should be widened, ordered notice to be given to the abutters that the board intended to widen the street " by taking a portion of their land, and laying out the same as a public street; " that the board " neither ordered nor gave any notice to any owners of estates abutting upon Devonshire Street that it was necessary to assess nor that said board had any intention of assessing any portion of the expense of said widening upon the estate of the petitioners, or upon any estates; " that on April 11, 1868, the board passed an order that the safety and convenience of the inhabitants of the city required that Devonshire Street should be widened, and for that purpose it was necessary to take and lay out as a public street or way certain parcels of land, described in said order, including a part of the petitioners' estate, and therefore that the said parcels were taken and laid out as a public street or way ; that in said order no damages were awarded to any

of the abutters ; that by said order it was also adjudged that the expense of widening the street as aforesaid would amount to $400,000 ; and that in said order the board " made no mention of the estate of the petitioners, or of any estates, as being benefited by said widening or laying out, nor made any estimate of damages incurred by such widening ; nor did said board continue the subject for a hearing at any future time, but, in fact, adjudicated that there were no damages."

The petition further alleged that immediately " after said adjudication, said board proceeded to widen the street, and long after the widening was completed, made an estimate of damages occasioned thereby, but made that estimate without notice to the petitioners, or to any other parties ; that on August 16, 1869, for the first time, and without notice, the board adjudged that the petitioners and others, owners of estates abutting on Devonshire Street, were benefited by said widening, and ordered notice to be given to such owners, of the intention of the board to assess a portion of the expense of said widening upon their estates ; " that on November 8, 1869, the board passed an order, assessing the estate of the petitioners and others ; and that the amount assessed upon the petitioners' estate was $4547.

The petitioners alleged that said proceedings and orders were " wholly erroneous and unlawful : 1st. Because before proceeding to adjudicate upon said widening no notice was given of any intention on the part of the board of aldermen to assess any part of the expense thereof upon any owners of estates abutting on the street widened. 2d. Because in the adjudication of widening it was adjudged that there were no damages sustained by persons whose land was taken, and that there were no estates abutting on the street that were benefited by the widening. 3d. Because in the adjudication of widening, no estimate was made of the expense of the widening. 4th. Because the board of aldermen proceeded, without authority and without notice, to determine that the estates of the petitioners and others had been benefited, and were liable to assessment. 5th. Because there was no authority in law to make said assessments, at the time and in the manner they were made."

The answer alleged that the assessment complained of was lawfully laid; that the orders mentioned were duly served upon the petitioners; and "that the respondents did not adjudge that there were no damages sustained by persons whose land was taken, or that no estates abutting on the street were benefited by the widening."

Hearing on petition and answer before *Ames*, J., who reserved the case for the consideration of the full court.

*H. W. Paine & O. Stevens*, for the petitioners.

*J. P. Healy*, for the respondents.

AMES, J. The proceedings of the board of aldermen, in the matter of the widening of the street in question, were instituted under the St. of 1866, *c.* 174. The subsequent repeal of one section in that statute by the St. of 1868, *c.* 276, was accompanied with the saving clause, that it should not affect any rights or liabilities already accrued. According to the decision in *Jones v. Boston*, 104 Mass. 461, the liability of the petitioners to be assessed was not affected by the St. of 1868.

The first reason assigned in the petition for holding the assessment to be unauthorized and void is substantially that, before proceeding to adjudicate upon the widening of the street, the board of aldermen gave no notice of any intention on their part to make any assessment of the kind. We are all of opinion that in this case the law did not require any formal preliminary notice of that kind to be given. The law, under which the board of aldermen were acting, had made a material change in the rule which was to regulate the estimate of damages to be awarded to any person, a portion of whose land should be taken for a street. Under this new rule, no allowance whatever by way of set-off, or reduction of damages, was to be made, on account of any special or peculiar benefit or advantage which such person might derive from the improvement. Authority was given to the board to assess the expense of making such improvement, with a definite limitation as to amount, upon all estates abutting upon the street so laid out or altered, and receiving any special benefit and advantage from the proceeding. The power to widen a street, under such a regulation as to damages, included the power, at

some stage of the proceedings, to make such an assessment. The right of assessment was one of the incidents of the widening, so that when the petitioners were notified that a portion of their land was to be taken, in this manner and for such a purpose, they were virtually notified that so much as remained, after the taking, might be liable to be assessed for a part of the expense of the widening, and would be so assessed, if, in the opinion of the board, it had received any special benefit and advantage from the widening. St. 1866, *c.* 174, § 5. Notice of the intent to take was substantially equivalent to, and included, notice of all that would in regular course follow such taking. The petitioners had the opportunity, provided for in § 8, to exercise the option of giving up their estate to the city rather than to be assessed according to § 5. The statute requires that option to be exercised before any portion of the expenses are incurred, and even before the land damages are estimated. As the question of the public convenience and necessity that might require the proposed improvement was one in which these petitioners had no voice, and as the necessary expenses to be thereby incurred were matters as to which the city authorities had the exclusive control and responsibility, there was no apparent necessity for any special notice to the petitioners upon either of these points. It is safe to say that in the case of proprietors, a portion of whose land is to be taken for a public use of this kind, no preliminary notice is required by law other than that which was given in this case.

The next objection relied upon by the petitioners is that in the adjudication of the widening it was adjudged that no damages were sustained by any person whose land was taken, "and that there were no estates abutting on the street that were benefited by the widening." If any injustice was done to persons whose land was taken by the judgment that they had sustained no damage, they had an ample remedy, by applying for a jury to revise the decision of the board of aldermen. If they have neglected to do so, we do not see how that decision, upon the subject of damages, could have any effect upon the validity of this assessment. It could only diminish the amount of the expenses which were to be in part paid from the assessment. As a matter of fact,

there was no adjudication "that there were no estates abutting on the street that were benefited by the widening." The aldermen, at that stage of the case, were dealing with the question of public convenience, and with that of land damages only. They certainly did not, and it is questionable whether they could, at that point of time "adjudicate" that no estates had been benefited, so as to be liable to assessment.

The third objection is that "in the adjudication of widening, no estimate was made of the expense of the widening." If this objection refers to the final order of the board, it seems to be without foundation in fact, inasmuch as that order expressly estimates the expense at $400,000. Moreover, we see no reason to suppose that the statute contemplates that the net expenses will be computed by estimation beforehand. *Whiting* v. *Boston*, 106 Mass. 89, 95.

The two remaining objections may conveniently be considered together, namely, 1st, that the board proceeded, without authority and without notice, to determine that certain estates had been benefited and were liable to be assessed; and 2d, that "there was no authority in law to make said assessments, at the time and in the manner they were made." In support of these objections, it is argued that the law requires an adjudication of betterments at the same time with, and as a part of, the adjudication widening the street and awarding damages. But we have recently decided that an assessment of this kind is necessarily subsequent to the widening. From the nature of the case it cannot be made until the completion of the work. "One element in the apportionment, 'the net expense of grading the whole widened street,' cannot be sooner ascertained." *Whiting* v. *Boston*, 106 Mass. 89, 95. *Jones* v. *Boston*, 104 Mass. 461. In a certain limited sense, this assessment may be said to be a part of the same proceeding with the original laying out or widening. The right of a party, whose land is taken, to damages, and his liability to be assessed for benefits received from such taking, accrue at the time of the taking; and the benefits, as well as the damages, are to be estimated as of that date. *Jones* v. *Boston, ubi supra.*

But in all other respects it appears to us that an assessment of this kind is a separate and independent proceeding. It is a tax, local and special it is true, but the object of the expenditure is a public one, for which taxation is authorized. *Codman* v. *Johnson,* 104 Mass. 491. It is to meet the case of a street which has been constructed or altered for public reasons, but in such a manner as not only to be a matter of public convenience, but also, as to estates adjoining or near to it, to be productive of certain special and peculiar benefits and advantages beyond the general advantage to other real estate in the same city. In such a case money is expended in effecting an improvement of a special and local character, which, although it may enure to a certain extent to the benefit of the public, is especially necessary and beneficial to the owners of private property in the immediate vicinity. In *Dorgan* v. *Boston*, 12 Allen, 223, it was held to be within the constitutional capacity of the Legislature to authorize such a tax. But it has very little connection with the preliminary proceeding of the taking of the land. The expenses which are to be assessed are all of them incurred after such taking. The city appropriates the land in the first place, as it has a right to do, paying, or becoming liable to pay, such damages as may be legally recoverable therefor. It then proceeds, as it has a right to do, after having laid out a new street or altered an old one, to tax the owners of all the estates specially and peculiarly benefited thereby, including the party a portion of whose land has been appropriated to this public use, for a portion of the expense of the improvement. The statute then in force prescribed no limit of time within which this assessment should be made; *Jones* v. *Boston*, 104 Mass. 461; and the law as it now stands allows two years from the passage of the original order. St. 1869, *c.* 367, § 1. It is therefore not only unnecessary, but it is also impossible, that the assessment of the expenses among the persons who have derived benefit from the improvement should be contemporaneous with, and make a part of, the original adjudication widening the street and awarding damages.

This assessment, being in the nature of a tax, which the board of aldermen had authority to levy, has been apportioned among

232 SUFFOLK.

Medford & Charlestown Railroad Co. v. Somerville & The Middlesex Railroad Co.

the proprietors of the estates abutting upon the street. The expenses of the widening have been ascertained, and ample notice has been given to the petitioners of the portion which was charged against them. If any wrong has been done to them by a disproportionate valuation of their estate, or by including any illegal element of computation, or by any error in the estimate of the benefit which they have derived from the widening, the proper remedy is by an application for a jury to revise the finding of the aldermen. It is not a case for the issue of a writ of *certiorari*.

*Petition dismissed.*