ANDREW HICKS *vs.* INHABITANTS OF WESTPORT.

Bristol.  Oct. 27, 1880. — March 1, 1881.  ENDICOTT & FIELD, JJ., absent.

A non-resident, who is taxed as a resident on all his personal property, cannot
    maintain an action to recover back the amount of the tax paid by him under
    protest, if he had horses and cattle kept in the town assessing the tax, and
    liable to taxation there under the Gen. Sts. *c.* 11, § 12, *cl.* 3.

MORTON, J.   This is an action of contract to recover the sum
of $638, being the amount of a tax upon the plaintiff's poll and
personal property assessed against him for the year 1878, and
paid by him under a protest in writing.

At the trial, the plaintiff offered evidence tending to show,
and we must assume for the purposes of this hearing, that, on
May 1, 1878, he was an inhabitant of Little Compton in the
State of Rhode Island.   But it was admitted that the plaintiff
kept in Westport certain horses and neat cattle taxable in that
town under the Gen. Sts. *c.* 11, § 12, *cl.* 3, which provides that
" horses, mules, neat cattle, sheep and swine, kept throughout
the year in places other than those where the owners reside,
whether such owners reside within or without this State, shall
be assessed to the owners in the places where they are kept."
The assessors of Westport assessed the plaintiff for his poll, two
horses and eight neat cattle, and for other personal property to
a large amount, and entered his name and assessment upon the
valuation list of the inhabitants assessed, claiming him to be an
inhabitant of Westport.

It is clear that he was taxable in Westport for the horses
and neat cattle, and it is equally clear that he was not taxa-
ble on his poll or his other personal property; and the ques-
tion presented for our decision is, whether his remedy is by
this suit to recover back the amount paid in whole or in part,
or by an application for an abatement under the Gen. Sts.
*c.* 11, § 43.

It is the settled rule in this Commonwealth, established by a
long series of decisions, that an action cannot be maintained to
recover back a tax paid to a town or city if any part of the tax
is legal.   In applying this rule, real estate and personal property

are considered as distinct, integral subjects of taxation; and it is held that, although a man have real estate in a town for which he is taxable, if he is unlawfully taxed for personal property he may recover back the tax on personal property, upon the ground, above stated, that real estate is a distinct subject of taxation from personal property, and that the tax on each is a separate and distinct tax, in regard to which persons aggrieved have sep arate and distinct remedies. *Preston* v. *Boston,* 12 Pick. 7. But the cases are uniform to the effect that, if a man is rightfully taxed for any, however little, personal property, he cannot have a remedy by action against the town for any excess of valuation, whether such excess is caused by an over valuation of property liable to taxation, or by including in the assessment property for which he is not taxable, but his exclusive remedy is by an application for abatement. And the same rule applies to a tax on real estate considered as a separate class. *Howe* v. *Boston,* 7 Cush. 273. *Lincoln* v. *Worcester,* 8 Cush. 55. *Middlesex Railroad* v. *Charlestown,* 8 Allen, 330. *Salmond* v. *Hanover,* 13 Allen, 119.

We are of opinion that this rule applies in the case before us. The plaintiff was legally taxable in Westport for the horses and neat cattle which formed part of the assessment. The fact that the assessors, supposing him to be an inhabitant, entered his name on the list of resident tax-payers instead of on the list of non-residents, would not render invalid the tax upon the horses and neat cattle. Such an error or irregularity would not prejudice the plaintiff nor affect his rights. The statutes do not make the exact compliance with the directions as to the valuation lists a condition precedent to the validity of the tax, and no sound reason or policy requires that we should so hold. *Torrey* v. *Millbury,* 21 Pick. 64. *Westhampton* v. *Searle,* 127 Mass. 502.

Suppose the plaintiff had been assessed only for his horses and neat cattle, the fact that he was entered upon the wrong list ought not to render the tax invalid and entitle him to recover it back. A portion of the tax assessed upon the plaintiffs' property being legal, he cannot recover back any part of it. As stated by Chief Justice Shaw in *Lincoln* v. *Worcester,* " there is no case in which it has been determined that one part of the

same tax, whether on real or personal estate, laid for a lawful purpose, may be held legal, and another portion illegal and invalid, so that the latter can be recovered back in an action of assumpsit." 8 Cush. 63.

We cannot see any sound reason for creating a distinction in favor of the plaintiff because he was a non resident tax-payer. Non-residents as well as residents may file their lists of their estates liable to taxation, and may have the benefit of the remedy provided by statute by an application for an abatement. Gen. Sts. c. 11, §§ 43–47. *Winnisimmet Co.* v. *Chelsea*, 6 Cush. 477. The policy which requires tax-payers, if aggrieved by an assessment, to adopt the simple, practical and speedy remedy provided by statute, applies with equal force to non-resident as to resident tax-payers. In applying the rule as to the remedy for over taxation, real and personal property are treated as two distinct classes for purposes of taxation; but in none of the cases is any other distinction recognized or intimated, although in several the plaintiffs were non-resident tax-payers. *Little* v. *Greenleaf*, 7 Mass. 236. *Preston* v. *Boston, ubi supra. Charlestown* v. *County Commissioners*, 101 Mass. 87.

A majority of the court is therefore of opinion, that the plaintiff has mistaken his remedy, which was an application for abatement under the statute; and that this action cannot be maintained.                 *Judgment for the defendant.*

*G. Marston*, for the plaintiff.

*J. M. Morton, Jr.*, for the defendant.