## MARY FOLEY *vs.* CITY OF HAVERHILL.
### EDWARD FLYNN *vs.* PETER A. BOURNEUF & another.

Essex.   Feb. 26. — May 5, 1887.   GARDNER, J., absent.

In an action against a city to recover the amount of a betterment tax assessed for improvements on a street in the city, and paid under protest, the orders passed by the city council for the improvements cannot be impeached for alleged defects in the notices preceding them; but such defects can be availed of by certiorari only.

It is no objection to the validity of a betterment tax assessed for improvements on a street in a city, that the adjudication of the board of aldermen is only that the estates mentioned "have been benefited," and does not declare that they receive any benefit beyond the general advantage to all real estate in the city ; nor is it any objection that the record does not show the actual expense of the improvements, if the actual expense was more than double the amount of the assessment, and the record discloses a liability for land damages, fixed by lapse of time, of a sum which is double the amount of the assessment.

In an action against a city to recover the amount of a betterment tax assessed for improvements on a street in the city, and paid under protest, if the adjudication of the board of aldermen is that the estates named have been benefited " by the widening," and the sums assessed are declared not to exceed one half the amount of the adjudged benefit to the estates " by the said widening," as they did not in fact, the plaintiff is not entitled to a ruling that any assessment upon his land of a share of the expense of grading was void, the expenses apart from grading being double the amount of the assessment, and there being nothing to show that the assessment took grading into account.

It is no objection to the validity of orders for improvements on a street in a city, that they were passed first by the board of aldermen and then by the common council in concurrence, and not in joint convention, the city charter providing that the board of aldermen and the common council "in their joint capacity, shall be denominated the city council," and requiring all petitions to be first acted on by the mayor and aldermen, and giving an appeal to "any person aggrieved by any proceedings of the mayor and aldermen or of the city council under this provision."

HOLMES, J.   The first-named action is brought to recover the amount of a betterment tax paid under protest.   The betterment was assessed on December 9, 1884, in respect of improvements of River Street, in Haverhill, ordered by the board of aldermen on May 26, 1884, and afterwards by the common council in concurrence.   This order of May 26, which took land for the widening and straightening of the street, and laid out one end of it anew over different land from that previously used, was made on the footing of the validity of two previous orders, one in 1871, laying out River Street from Washington Street westerly to land of Jason Gilman, and the other in 1874, extending it to Ayer Street.   The plaintiff asked and obtained rulings that these orders were void, on the single ground that the notice in each case was defective ; as it was, in not stating the intention of the board of aldermen to lay out the way.   The court, however, sustained the assessment, and found for the defendant.

We are far from intimating that the order of 1884 would not have been valid, at least in part, or that the assessment ought not to have been sustained, even if the orders of 1871 and 1874 were to be treated as void.   But we need not consider those questions, as we are of opinion that none of the orders can be impeached in this action for the defects in the notices preceding them.   It is settled in this Commonwealth, that the only way for a party to avail himself of such a defect is by certiorari. *Lowell* v. *Hadley*, 8 Met. 180, 192.   *Taber* v. *New Bedford*, 135 Mass. 162.   *Sisson* v. *New Bedford*, 137 Mass. 255, 262.   *Gilkey* v. *Watertown*, 141 Mass. 317, 319.   There may be nice distinctions between the facts of the cases cited and those before us, but the principle is laid down in general terms.   Even if it should be admitted that notice goes to the jurisdiction in any sense, the rule seems to be somewhat analogous to another Massachusetts rule, that a domestic judgment cannot be impeached collaterally upon grounds which would be open on writ of error or review. . *Hendrick* v. *Whittemore*, 105 Mass. 23.   *McCormick* v. *Fiske*, 138 Mass. 379.

A hasty reading of *Fitchburg Railroad* v. *Fitchburg*, 121 Mass. 132, might lead to a different conclusion ; but the way there was laid out in 1868, when Fitchburg was a town.   It only became a

city by the St. of 1872, *c.* 81; and one point in the plaintiff's argument, not controverted by the defendant, was that for that reason " Certiorari will not lie, . . . . but the owner of the land may resort to his action of trespass. *Robbins* v. *Lexington*, 8 Cush. 292. *Holcomb* v. *Moore*, 4 Allen, 529." See also *Hooper* v. *Bridgewater*, 102 Mass. 512. The opinion of the court takes for granted the familiar distinction between the modes of impeaching proceedings of boards like the county commissioners and those of selectmen.

The assessment is assailed, first, because the adjudication of the board of aldermen in terms is only that the estates mentioned " have been benefited," and does not declare that they receive any benefit beyond the general advantages to all real estate in the city. Pub. Sts. *c.* 51, § 1. It was " proved that there was no adjudication of benefit other than " the above. This objection is disposed of by *Jones* v. *Boston*, 104 Mass. 461, 469. If the point were open in this action, " it does not appear that they have, in fact, estimated any benefit except the special benefit accruing to the estates beyond the general advantage to all the real estate in the city. . . . . It is to be presumed that in estimating the value of such benefit they have proceeded according to law. We cannot presume that any illegal element entered into their computation."

Then it is said that the assessment is in respect of benefits due to grading as well as to widening, and that the grading was not done under the betterment act. But if this point is fairly open on the exceptions, the adjudication is that the estates named have been benefited " by the widening," and the sums assessed are declared not to exceed one half the amount of the adjudged benefit to the estates " by the said widening," as they did not in fact. We can hardly be asked to construe the declared purpose to proceed under the betterment act in the taking so narrowly as to exclude the grading, and at the same time to construe the assessment of the betterment so broadly as to include the benefit derived from the grading, if distinguishable from that derived from the widening, although not mentioned.

A ruling was asked, that any assessment upon the plaintiff's land of a share of the expense of grading was void. But the expenses apart from grading were double the amount of the

assessment, and, besides, there is nothing to show that the assessment took grading into account, even if grading could not have been taken into account properly.   Whether, if the assessment had been affected by an improper charge, the plaintiff would have had any other remedy than to apply for a jury to revise it, need not be considered.   *Prince* v. *Boston*, 111 Mass. 226, 232.   See *Hicks* v. *Westport*, 130 Mass. 478 ; *Gerry* v. *Stoneham*, 1 Allen, 319.

It was objected further, that the records do not show the actual expense of the widening, &c.   But this would not be a ground even for certiorari, in view of the admission that the actual expense was over $30,000.   The total assessment was $10,258.53. *Chase* v. *Aldermen of Springfield*, 119 Mass. 556, 563.   *Foster* v. *Park Commissioners*, 131 Mass. 225 ; and 133 Mass. 321.   *A fortiori*, the defect will not sustain this action.   *Taber* v. *New Bedford, ubi supra.*   Moreover, the record does disclose a liability for $22,907.40 land damages fixed by lapse of time.

Finally, it is objected that the orders of 1871, 1874, and 1884 were void because passed first by the board of aldermen and then by the common council in concurrence, and not in joint convention, the argument being that the power to pass the orders was conferred upon the city council by the charter ; St. 1869, *c.* 61, § 24 ; and that, by § 2, the board of aldermen and the common council, " in their joint capacity, shall be denominated the city council."   But § 24 shows very plainly that it does not contemplate action in joint convention, as it requires all petitions to be first acted on by the mayor and aldermen, and gives a right of appeal to " any person aggrieved by any proceedings of the mayor and aldermen or of the city council, under this provision."

The second action is brought on a covenant against incumbrances in a deed of land assessed for the betterment in question, and is governed by the same principles as the first.   See also *Coburn* v. *Litchfield*, 132 Mass. 449.

> *Judgment for the defendant in the first case.*
> *Judgment for the plaintiff in the second case.*

*J. P. Jones & B. B. Jones*, for the plaintiff in the first case, and for the defendants in the second case.

*J. J. Winn*, for the defendant in the first case.

*W. H. Moody*, for the plaintiff in the second case.