WILLIAM H. LINCOLN & another *vs.* BOARD OF STREET
COMMISSIONERS OF THE CITY OF BOSTON.

Suffolk.    March 22, 1900. — May 18, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Betterments — Entire Assessment for Different Elements in one Scheme of Improvement — Assessment of Special Benefits without Assessment of Public Benefits — Constitutional Law — Evidence — Certiorari — Statute.*

In assessing betterments under St. 1893, c. 339, and St. 1894, c. 439, upon abutters on a public way for special benefits received by them from its construction, such construction, the laying of sewers and connections, and the establishment of building lines may be considered as one improvement, and the entire cost set off against the benefit thereof.

At the hearing upon a petition for a writ of certiorari to quash the assessment of betterments for the laying out of a public way under St. 1893, c. 339, and St. 1894, c. 439, which did not confine the assessment to abutters, evidence that the value of estates near the end of the way was increased by having a shorter and pleasanter route to important points, and was increased much more than that of remoter estates, is inadmissible if the omission to assess such estates was not due to a mistake of law, or if the alleged benefits were not special and peculiar within the meaning of the statutes.

The St. 1893, c. 339, providing for the construction of Boylston Street, in the city of Boston, and the assessment of betterments for the cost thereof, is constitutional, and under it special benefits may be assessed without assessing public or general benefits.

The provision of St. 1893, c. 339, § 2, that in determining the cost of the construction of a certain way in B., " the expenses for gas pipes, water pipes, their connections, and the laying thereof," are to be excluded, and a proportional share of the cost is to be assessed upon the real estate which it is adjudged "receives any benefit and advantage from such laying out, construction, and laying of sewers and pipes as aforesaid, beyond the general advantages to all real estate " in B. to the extent of the total amount of such adjudged benefit and advantage, merely indicates in general terms the benefits to be assessed for, and does not intend an improper enhancement of, estimated benefits by the use of the word "pipes," which, if of any importance, is satisfied by the water pipes which are laid by the city.

An assessment of betterments for the construction of a way may be erroneous if not laid upon estates liable thereto by reason of the adoption of a mistaken principle of law, but not by reason of a mistaken finding of fact that such estates were not specially benefited.

PETITION for a writ of certiorari to quash an assessment for betterments made under St. 1893, c. 339, and St. 1894, c. 439, for the construction of Boylston Street, a public way in the city

of Boston.   Hearing before *Knowlton*, J., who was of opinion that the petition should be dismissed, but, at the request of the petitioners, reported the case for the consideration of the full court.   The material facts appear in the opinion.

*H. Winn*, for the petitioners.

*T. M. Babson*, for the respondent.

HOLMES, C. J.   This is a petition for a writ of certiorari to quash an assessment for betterments made under St. 1893, c. 339, and St. 1894, c. 439.   Under these acts the street commissioners of Boston constructed a portion of Boylston Street, with sewers, and established building lines outside of and parallel with the lines of the highway.   They assessed upon the abutters, and no others, so much of the cost of the whole work (subject to the exceptions mentioned in § 2 of the act of 1893) as was equal to what they adjudged to be the total special benefits received, and in estimating the special benefits they took the whole improvement as one, instead of separating the items and setting the cost of the sewer against the benefit of the sewer, the cost of the building lines against the benefit of the building lines, and the cost of the street against the benefit of the street, alone.   This is one ground upon which the assessment is attacked.

·Another ground is that the commissioners confined the assessment to abutters, although the statute of 1893 did not, and that other estates not abutting on the way were benefited specially.   In support of this allegation proof was offered at the hearing that the value of estates near the end of Boylston Street was increased by having a shorter and more pleasant avenue to important points, and was increased much more than that of more remote estates.   The evidence was rejected, the judge ruling that the alleged benefits were not special and peculiar within the meaning of the statute, and also that the omission of estates which ought to have been assessed could not be shown upon certiorari, unless, which did not appear, the omission occurred through a mistake of law and not through a mistake of fact.

It is objected further that to make the assessment proportional a valuation should have been set upon the public benefit, or at least upon the benefit to all Boston real estate as well as

upon the special benefits to individuals, and both should have been assessed equally. The statute itself is attacked as imposing a disproportionate tax.

The first objection goes to the course adopted by the commissioners in considering the benefits from the whole improvement as one. The assessment cannot exceed the special benefit, (*Norwood* v. *Baker*, 172 U. S. 269. *Sears* v. *Boston*, 173 Mass. 71, 78,) and therefore in determining what the petitioners can be called on to pay it may make a great difference if an item which cost but little, but added much to the value of their estate, can be lumped with another of which the cost was large but the benefit small. Still " the question was as to the benefit to the petitioner's land by the whole construction of the street." *Alden* v. *Springfield*, 121 Mass. 27, 28. The statute seems to contemplate the course which was adopted, so that strictly the question would be, perhaps, whether the statute could not authorize it. But if we assume the statute to be neutral, the question is whether it can be said as matter of law that the commissioners were not warranted in finding street, sewer, and building lines all to be portions of one improvement. We are of opinion that they were warranted in their finding. The different elements are combined in the unity of a single though complex design. A sewer is one of the recognized incidents of a way, although it serves a different purpose from that of the pavement; just as a chimney is part of a house, although it serves a different end from that of the roof or walls. The right to lay sewers is paid for when a way is laid out although not specially mentioned in the taking. *Lincoln* v. *Commonwealth*, 164 Mass. 1, 10.

Next as to the refusal to receive evidence that other estates beside those of abutters were benefited by having a shorter and more pleasant way to central points. The statute did not limit the assessment to abutters. It allowed lands specially benefited to be assessed " whether situated on said street or otherwise." St. 1893, c. 339, § 2. This being so, the petitioners say that they are entitled to be heard at some time on the question whether others should not have been called on to contribute and so to lighten the petitioners' burden. We must take this contention with the petitioners' offer of evidence. If any

amendment were necessary to give the respondent the advantage of the actual state of facts as shown by that offer, it would be allowed as of course.   But the benefits which the petitioners offered to prove were those common to all lands in the vicinity, and these, it is settled, are not to be regarded as special.   *Parks* v. *Hampden,* 120 Mass., 395.   *Hilbourne* v. *Suffolk,* 120 Mass. 393, 394.   *Cross* v. *Plymouth,* 125 Mass. 557, 558.   *Abbott* v. *Cottage City,* 143 Mass. 521, 526.   *Smith* v. *Boston,* 7 Cush. 254.   *Stanwood* v. *Malden,* 157 Mass. 17.   *Dorgan* v. *Boston,* 12 Allen, 223, 234.   *Jones* v. *Boston,* 104 Mass. 461, 469.   *Benton* v. *Brookline,* 151 Mass. 250, 260.

All these last cited cases start from *Meacham* v. *Fitchburg Railroad,* 4 Cush. 291, 297, 298, and it is said that this distinction between special and general benefits had its beginning in a mere rule of damages for determining the sum to be deducted from the amount to be paid when land was taken for a public improvement.   It is argued that constitutional difficulties have no place in a case of that sort, but arise only when the special benefits are made the subject of an assessment.   A suggestion that the deduction of benefits may be referred to the right of eminent domain will be found in *Harvard College* v. *Boston,* 104 Mass. 470, 490, 491.   See *Sears* v. *Boston,* 173 Mass. 71, 76.   The distinctions of constitutional law must be pretty technical if taking a man's money is unlawful in the latter case and is not equally so in the former.   It may be that the line between special and general benefits is fixed by a somewhat rough estimate of differences.   But all legal lines are more or less arbitrary as to the precise place of their incidence, although the distinctions of which they are the inevitable outcome are plain and undeniable.   This one we regard as sanctioned by legislation and judicial determination.

In what we have said last we have approached the grounds on which the statute is argued to be unconstitutional.   The petitioners say that if there is a benefit to other estates in the neighborhood, or to all the land in Boston, or to the public generally, no matter how you distinguish it from that received by the petitioners' land, they are entitled to have those benefits share proportionately with their own in the expense.   They deny that their special benefits can be assessed before calling on

the others. Notwithstanding the effort of their counsel in his able and ingenious argument to distinguish the case, we must regard the whole contention as disposed of by *Dorgan* v. *Boston*, 12 Allen, 223. It is suggested that we are to take the decision as assuming merely such a minimum public benefit as would justify the exercise of the right of eminent domain; but this seems to us excluded when it is said, although in a different connection, that the Legislature deemed the work to be " so essential to common convenience as to warrant them in authorizing its execution in a certain contingency at the common expense." 12 Allen, 242.

This disposes of the claim to contribution in respect of the public benefit, and we think that the court had the general benefit to real estate in the neighborhood no less clearly in mind, when, after having earlier referred to " the well established rule as recognized in *Meacham* v. *Fitchburg Railroad*," it laid down its conclusion that " taxes levied for public purposes of a local character are not unconstitutional, as being unreasonable and unproportional, solely because they are imposed only . . . on persons residing or owning property in a particular locality, and that an assessment made on persons in respect of their ownership of certain property which receives a peculiar benefit from the expenditure of the money raised by a tax, or by reason of their residence in the vicinity of a proposed public improvement, and the special advantage or convenience which will accrue to them and their property therefrom, will not be held invalid, although it does not operate on all persons and property in the community in the same manner as taxes levied for general purposes." The argument for the petitioners cuts at the root of all betterment assessments upon abutters, because in almost every case there must be a public benefit and some general benefit to other land in the neighborhood which are neglected in the assessment. We should be slow to believe that anything in *Norwood* v. *Baker*, 172 U. S. 269, or in any other authoritative decision threw doubt on the validity of such assessments on the ground supposed, provided they did not exceed the special benefits to the estates concerned. See further *Springfield* v. *Gay*, 12 Allen, 612, 615, 616; *Jones* v. *Boston*, 104 Mass. 461; *Harvard College* v. *Boston*, 104 Mass.

470, 486, 487 ; *Prince* v. *Boston*, 111 Mass. 226 ; *Boston Seamen's Friend Society* v. *Boston*, 116 Mass. 181, 183.

A subordinate objection taken to the act of 1893 needs a word. The board in determining the cost of the work is to exclude " the expenses for gas pipes, water pipes, their connections and the laying thereof," but is to assess a proportional share of the cost upon the real estate " which said board shall adjudge receives any benefit and advantage from such laying out, construction, and laying of sewers and pipes as aforesaid, beyond the general advantages to all real estate in such city, to the extent of the total amount of such adjudged benefit and advantage," c. 339, § 2. It is urged that the benefit of the gas pipes cannot be treated as part of the benefit conferred by the laying out of the street, that it is a benefit paid for and furnished by a private company. Our answer is that the statute here is merely indicating in general terms the benefits to be assessed for, not precisely describing the elements and laying down a legal rule for assessments ; that there was not intended or expected by the insertion of the word " pipes " any improper enhancement of the estimated benefits ; that the word " pipes," if of any importance, is satisfied by water pipes which are laid by the city ; and that the board seems from its return to have considered only the benefits of the laying out and construction of the streets, the laying out of sewers and the establishment of building lines, and that that is all that the statute meant it to do.

Although it is not necessary, we recur to the ruling of the justice at the hearing. A second ground on which the evidence offered was rejected was that it was not admissible on certiorari. That is in accordance with the well understood rule. *Prince* v. *Boston*, 111 Mass. 226, 232. *Farmington River Water Power Co.* v. *County Commissioners*, 112 Mass. 206. It is argued from *Butler* v. *Worcester*, 112 Mass. 541, 556, *Kelso* v. *Boston*, 120 Mass. 297, 299, and *County Commissioners, petitioners*, 143 Mass. 424, 431, that if not admissible on certiorari it would not be admissible at all. We do not so understand those cases. The first two only decide that you cannot show an assessment to be void for the omission of proper parties in an action to recover a sum paid under protest. They say that an error of

omission may be remedied on certiorari. *LeRoy* v. *York*, 20 Johns. 430, the only one of the cases cited by Chief Justice Gray in the earlier decision needing notice, shows that he had in mind a case where the record disclosed an omission of estates standing like the petitioners', and omitted because of the adoption of a mistaken principle. The error was broader and more fundamental than a mistaken finding that this or that piece of land was not specially benefited. A mistaken finding upon that point would not invalidate the assessment. See *North Reading* v. *County Commissioners*, 7 Gray, 109, 112, 113, and *Whiting* v. *Boston*, 106 Mass. 89, 99. *Prince* v. *Boston* and *County Commissioners, petitioners*, show that, so far as necessary to fix the amount due from the petitioners, the matter can be gone into before the jury, if a jury is asked for to revise the assessment. See also *Whiting* v. *Boston*, 106 Mass. 89, 97. But we repeat that the offer would have to go further than the one made to give the petitioners a right to put in the evidence anywhere.                                    *Petition dismissed.*