## SAMUEL S. ARNOLD *vs.* CITY OF CAMBRIDGE.

Under a statute authorizing the mayor and aldermen to construct sidewalks in any street of a city, and assess the expense in just proportion upon the abutters, they have no right to join in a single assessment the expense of constructing sidewalks in different streets.

CONTRACT to recover back $193.42, assessed by the mayor and aldermen of Cambridge on the plaintiff as an abutter on Main Street in that city, and paid by him under written protest.

The plaintiff bought in 1841, and ever since owned in fee simple, a lot of land on the north side of Main Street in Cambridge, between Harvard Street and the West Boston Bridge.

By the St. of 1863, *c.* 191, it was enacted that "whenever the mayor and aldermen of the city of Cambridge shall deem it

expedient to construct sidewalks, or complete any partially constructed sidewalks, in any street of said city, they are hereby authorized to construct or complete such sidewalks with edgestones, and in front of buildings or occupied premises to cover the same with brick or flat stones; and they are further authorized to cover such sidewalks, in front of vacant lots of land, with brick, flat stones, or plank supported by timber; and the expense of such edgestones and covering materials shall be assessed upon the abutters in just proportions, and shall constitute a lien upon the abutting lots of land, and be collected in the same manner as taxes on real estate now are."

In 1869 the mayor and aldermen passed an order directing the superintendent of streets " to complete the sidewalks on the northerly side of Main Street, from West Boston Bridge to its junction with Harvard Street in Ward One, and thence on the northerly side of Harvard Street to Harvard Square, by setting edgestones and laying a brick sidewalk, the expenses of said edgestones and brick to be charged to the appropriation for incidental expenses and assessed according to law." The superintendent of streets executed the order, and reported to the mayor and aldermen that " so much of the expense of completing with edgestones and brick paving the sidewalk on the northerly side of Main Street from West Boston Bridge to Harvard Street in Ward One, and thence on the northerly side of Harvard Street to Harvard Square, as may by law be assessed upon the abutting estates, is as follows: on Main and Harvard Streets, $10,268.66." Thereupon, on December 29, 1869, the mayor and aldermen passed orders, " that, to defray in part the expense of completing the sidewalks above mentioned " in the report of the superintendent of streets, certain sums, specified in schedules annexed, including the assessment of $193.42 on the plaintiff, and amounting in all to $10,268.66, " be assessed upon the estates abutting upon said sidewalk ; " and " that a warrant be issued to the collector of taxes to levy and collect the several sums specified in the foregoing schedule, according to law." It was under these orders that the sum was collected of the plaintiff, which he sought to recover.

The case was submitted to the judgment of the court on a statement of facts of which the foregoing is the material portion. By a plan, which was exhibited at the argument, it appeared that Harvard Street and Main Street, although uniting at one point near the West Boston Bridge, and at another point near Harvard Square, between these points constituted independent lines of travel, nearly parallel for about two miles.

*G. O. Shattuck & W. A. Munroe*, for the plaintiff.

*J. A. Jacobs*, for the defendants.

AMES, J. The sole authority, under which the mayor and aldermen of Cambridge have the right to assess landowners with any part of the expense incurred in the construction of sidewalks, is given by the St. of 1863, c. 191, and must of course be exercised in strict conformity with the terms of that statute. It provides that, whenever they shall deem it expedient to construct sidewalks in any street of said city, they are authorized to construct such sidewalks with edgestones, and in front of buildings or occupied premises to cover the same with bricks or flat stones, and the expense of such edgestones and covering materials shall be assessed upon the abutters in just proportions.

The vote, under which the proceedings in this case have been had, provides for a sidewalk from Harvard Square to the end of the bridge connecting Cambridge and Boston. It is treated in all the preliminary proceedings, and in the final assessment, as a continuous and single sidewalk, but it is really a sidewalk part of which is in Harvard and part in Main Street. We do not undertake to decide what weight we should attach to any objection on this account, if it were merely the case of one single street called by different names in different portions of its course or length. But Harvard Street and Main Street are two entirely distinct and separate highways, which, although they unite at one point, yet form two lines of travel nearly parallel to each other for about two miles. We do not think that the statute was intended to give the mayor and aldermen the power to include sidewalks in two different streets in one single assessment. If two streets may be so assessed, it is difficult to see why three or more may not be included in one single assessment, or why all the sidewalks in the city may not be included in one comprehensive assessment.

Arnold *v.* Cambridge.

It was evidently intended by the legislature that the case of each street should be considered separately, and with a view to its own special circumstances. Each estate is liable to assessment, not necessarily for the expense of the edgestones and covering materials laid down on that portion of the sidewalk upon which it adjoins or fronts, but according to a just proportion of the collective amount of all that kind of expense incurred on the same side of the same street. We cannot know that this proportion might not be very different if other streets were to be included in the same assessment. It may be that practically there would be no danger of any injustice or inequality in the assessment; but the legislature have only given to the board of aldermen a limited authority over the subject matter. The power to treat two sidewalks in two distinct streets as one, for the purposes of assessment, is not given by the statute.

As this objection to the assessment is insuperable, we have not found it necessary to consider others that have been urged by the **plaintiff.** *Judgment for the plaintiff.*