CHARLES P. ALDEN *vs.* CITY OF SPRINGFIELD.

Hampden.    September 26. — 27, 1875.    COLT & MORTON, JJ., absent.

A petitioner for the revision of a betterment, assessed on his land for the widening of a street, is not entitled to introduce evidence as to the proportion of the benefit to the land of himself and the other abutters on the way, as compared with the benefᵗ to real estate generally in the city.

On a petition for the revision of a betterment assessed on land for the widening of a street, the question is as to the benefit caused by the whole work, and the petitioner cannot introduce evidence as to the benefit resulting from any particular part of the work done.

PETITION to the Superior Court, under the St. of 1871, *c.* 382, § 7, for a jury to revise a betterment assessed by the city council of the city of Springfield on land of the petitioner, on account of the widening of North Main Street.

At the trial, before *Allen,* J., the petitioner offered to prove that the principal purpose and effect of widening the street was to benefit the public generally, and not to confer a special benefit upon the abutters, and inquired of a witness "what was the proportion of benefit to the real estate of the abutters compared with that to real estate generally in said city." Upon objection by the respondent, the court did not permit the question to be put.

The petitioner contended from the records in the case that one item of the expense of widening the street was the cost of extending a culvert for the passage of a brook flowing through land of the petitioner, and across the street; that the culvert did not answer the purpose for which it was intended; and a witness was asked whether the extension of the culvert was of any benefit to the land assessed. The judge ruled that this question was inadmissible. The jury returned a verdict for the respondent; and the petitioner alleged exceptions.

*H. Morris,* for the petitioner.

*A. L. Soule & M. P. Knowlton,* for the respondent.

BY THE COURT. While the petitioner was entitled to introduce evidence tending to show that the assessment upon his land was too great, he was not entitled to inquire as to the proportion of the benefit to the lands of himself and the other abutters on the way, as compared with the benefit to real estate generally

in the city; and such an inquiry might properly be excluded as tending to confuse the jury, and to divert their attention from the issue before them.

The question was as to the benefit to the petitioner's land by the whole construction of the street, and the petitioner had no right to introduce evidence as to the benefit resulting from any particular piece of work done in the course of such construction.

*Exceptions overruled*