Gilmore, J.
In the case now before us, and that of Erasmus Gest v. The City of Cincinnati et al., decided at the present term {ante, 275), some of the questions presented in each are substantially the same. They are both actions in the court below to recover assessments for the improvement of Eighth street, under the same ordinances- and contract. So far as the questions are similar, the rulings in Gest’s case are here approved and followed.
There are, however, questions in this case, arising upon facts admitted and the special verdict of the jury, not presented or decided in Gest’s case, which will now be considered. A preliminary statement is necessary to a proper understanding of the questions.
In 1872, West Eighth street was improved by grading the same to the established grade from McLean avenue westward to the plank-road, the city having previously taken the necessary steps to charge the expense thereof upon the abutting property. The city advertised and contracted for the work, and it was done in two sections, i. e., one section from McLean avenue to Millcreek bridge; the-other from this bridge to the plank-road. The property of Geo. R. Wilder fronts 211,8^ feet on one side, at the western terminus. The whole distance from McLean avenue to- *286 the plank-roacl is 4,392^ feet; tire distance from McLean avenue to Millcreek bridge is 1,502 feet ; the distance from said bridge to Evans street is 912 feet; from Evans street to Price’s north line, 1,872-|- feet; and from Price’s north line to the plank-road, being the part assessed in this case, 211 feet.
The ordinance to improve the street from the avenue to the plank-road excepts therefrom “ all that portion between Evans street and Price’s north line.” This'excepted portion runs through the lands of R. E. Price, who dedicated the lands for Eighth street through his premises (1,872J feet), and in consideration that the city would accept the dedication and improve the street, bound himself to improve the street through his lands at his own expense, according to the plan and grade established. He had done about half the work when the action against Wilder was commenced, and forty-nine-fiftieths of it was completed at the time of the trial.
Prom this it will be seen that more than one-third of the whole distance from McLean avenue to the plank-road was ■excepted from the ordinances and contracts, and that Wilder’s property alone, lying west of the excepted part, was improved and assessed under them.
The resolution to make the improvement contains the following provision :
“ 2. The property abutting on the improvement to be assessed to the amount of twenty-five per cent, of the value of the said property after the improvement shall have been made.”
The ordinance and proceedings followed the resolution. The property of Wilder was found, and on the trial was admitted, to be of the value of sixty dollars per front foot, and was assessed fifteen dollars per front foot for the improvement. By reason of the defective advertisement for bids, which were inserted in only one English and one German newspaper, instead of two English newspapers, the assessment made as above stated was irregular, and the plaintiff below was entitled to recover, under section 550 of the *287 municipal code, only the amount properly chargeable against Wilder’s property on account of the improvement.
To assist in the proper ascertainment of this amount, the jury, under the instructions of the court, returned a special verdict, finding certain facts which, so far as they relate to the questions here, are as follows:
“1. What, at fair and reasonable prices for labor and materials, ought the whole improvement to have cost, from Millereek west to the plank-road, per front foot? Ans. $11.25.
“ 2. What, at fair and reasonable prices, ought the whole improvement from McLean avenue to the plank-road to have cost per front foot ? Ans. $19.50.
“ 3. What ought the whole improvement from McLean avenue to the plank-road, omitting that in front of Price’s property, to have cost per front foot ? Ans. $34,
“ 4. How much per front foot ought the improvement from Millereek west to the plank-road, omitting that in front of Price’s property, to have cost ? Ans. $25.
“ 5. What was the actual value of said real estate per front foot ? Ans. $60.
“ 6. What was the cost of the improvement actually made in front of defendant’s property, exclusive of the drain or culvert ? Ans. $1,715.50.
“ 7. What was such cost, including the drain or culvert ? Ans. $2,296.76.
“ 13. What amount is properly chargeable for principal .and what for interest to the defendant’s property, and from what date does the interest, if any, run ? Ans. For principal, $2,381.75. For interest, $281.72. Date, from February 6, 1873, to January 4, 1875.”
A motion for a new trial made by Wilder was overruled, and judgment entered for plaintiff for the amount found by the jury, in answer to the thirteenth interrogatory, to all of which Wilder excepted.
On error the District Court affirmed the Common Pleas, and this is a motion for leave to file a petition in error to reverse the District Court.
*288 Under the errors assigned, the plaintiff in error makes two claims.
The first is as follows: “We claim that it was incompetent for the counsel or the court to jump over the omitted part of the street, and hitch Wilder’s property on a section a third of a mile distant.”
The case of Arnold v. The City of Cambridge, 106 Mass. 352, is the only authority cited in support of this claim. This was an action to recover back an assessment (paid under protest), on the ground that the mayor and aldermen could not include the completion of “the sidewalks,on the northerly side of Main street, from West Boston Bridge to its junction with Harvard street, in Ward One, and thence on the northerly side of Harvard street to Harvard square,” in the same order and assessment. The court said: “ Harvard street and Main street are two entirely distinct and separate highways, which, although they unite at one point, yet form two lines of travel nearly parallel to each other for about two miles. We do not think that the statute was intended to give the mayor and aldermen the power to include sidewalks in two different streets in one single assessment.” And the assessment was hold to be illegal, because each street should be considered separately, and with a view touts own special circumstances, in making assessments on abutters for improvements.
The case before us is not similar, and therefore the case cited is not applicable. Hero a single street only was to be improved between designated points. An intermediate portion, between the designated termini, under contract with the land-owner, was to be contemporaneously improved according to the established grade, without expense to the city. It was deemed necessary to make the improvement the entire distance named, and the fact that a portion of it would be made without expense to the city, or other abutters, would not render the improvement less valuable to the public or the abutters upon it. Under these circumstances, we think, it was competent for the city, in the ordinance- and contracts for the improvement, to except the inter *289 mediate portion, for the improvement of which it had made other provisions, and to join the parts thus separated for the purpose of improvement and assessment for the expense of it. If the intervening portion was not to be improved, the case might be different; but as it is, this objection is untenable.
The second claim is as follows: “We claim that the judgment of the court is not supported by, but is directly against, the special verdict.”
The error specified is, that the judgment of the Court of Common Pleas is for too large an amount, being for the amount found by the general or thirteenth finding; whereas, as claimed, the true amount for which the judgment should have been rendered is shown by the sixth special finding, as explained by the seventh. These last findings together show that the cost of the improvement actually made in front of Wilder’s property, exclusive of the culvert, was $1,715.50, and that the culvert cost $581.20. Although not shown in the special finding of the jury, it elsewhere appears in the record that the abutters were not to be, and were not assessed to pay the expenses of bridges and culverts, but for the grading alone.
Was the judgment for too large a sum ? In determining this question, it will be -well to notice the other special findings of the jury. From the second and third findings, as compared with the first, it is apparent that the cost of the improvement per front foot was much greater east than west of Millcreek bridge. By compaxdng the fourth with the first and sixth findings, it is apparent that the portion of the improvement between Millcreek bxidge axxd Evans street cost much more per front foot than the poi’tion from Evans street to the plank road, and that the portion through Price’s laud was the least expensive. The fifth finding shows that if the proceedings had been regular, the assessment against Wilder’s propei’ty under the statutoi’y plan would have been at least $15 per front foot.
If his property had been assessed in connection with that *290 part of the improvement between McLean avenue and Mill-creek bridge under the rule adopted, the assessment would have been $19.50 per front foot. Whether he could have been so assessed to the extent of twenty-five per cent, of the value of his property is not before us, as the improvement was made and assessed in two sections divided by Millcreek bridge, and the assessment in this case was confined to the improvement from Millcreek bridge to the plank road.
The first special finding fixes the fair and reasonable cost of this portion per front foot, by averaging the more with the less expensive portions of the work. The thirteenth finding is general, having been obtained by multiplying the number of front feet by the average cost per front foot of this portion of the improvement.
This was right. The law seeks to make assessments for improvements of this kind uniform. In this case, the object was to ascertain the amount “properly chargeable ” upon Wilder’s property. This we suppose was to be done by a .rule that would operate uniformly on all abutters within the assessment district.
If it was intended to charge each abutter with the actual ■cost of the improvement in front of his property, the legislature could have so provided in express terms. Taking into view the general result of the findings of the jury on this subject, we are satisfied that no injustice was done to Wilder by the verdict. His property was assessed with the average cost per front foot of the entire cost of the improvement from Millcreek bridge to the plank road; no other rule would have been either uniform or equitable.

Motion overruled.

Welch, C. J., White, Rex, and McIlvaine, J. J.. concurred,