PATRICK H. QUINN *vs.* MAYOR AND ALDERMEN OF SPRINGFIELD & others.

Hampden.  September 23, 1919. — October 10, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, & CROSBY, JJ.

*Way*, Public: assessment for betterments.  *Tax*, Assessment for betterments. *Words*, "Alteration."

On a petition by the owner of land abutting upon a certain street in a city for a writ of certiorari to quash an assessment for betterments for the widening of the street for about nine tenths of its length to a certain point and the laying out of a new street from that point leading from the street as widened to another street, it appeared that the petitioner's land abutted on the widened part of the pre-existing street and did not abut on the new street, and the petitioner contended that the assessment was illegal and void because it combined the widening of the pre-existing street and the laying out of the new street as the basis of assessment.  The order of the city council, on which the assessment for betterments by the board of aldermen was based, included the widening of the pre-existing street and the laying out of the new street and had been held to be valid by a previous decision of this court.  *Held*, that the order of the city council, correctly construed, amounted to an "alteration" of the pre-existing street as that word is used in R. L. c.'48, § 1, and in R. L. c. 50, § 1, as amended, relating to betterments, and that the order and the work done under it, including the widening of the pre-existing street and the laying out of the new street, constituted a single improvement and authorized the board of aldermen to assess betterments on the lands specifically benefited based upon the entire cost of the improvement as a whole.  Accordingly the petition was dismissed.

PETITION, filed on February 4, 1919, by the owner of real estate abutting on Dwight Street in Springfield for a writ of certiorari

addressed to the mayor and board of aldermen of Springfield directing them to certify their proceedings in reference to certain assessments for betterments upon the real estate of the petitioner, as described in the opinion, in order that such proceedings might be quashed.

The case came on to be heard before *De Courcy*, J., who at the request of the parties reserved it upon the petition, the answer and an agreed statement of facts for determination by the full court.

*J. B. Ely*, for the petitioner.

*E. T. Broadhurst*, (*H. P. Small* with him,) for the respondents.

CROSBY, J. This is a petition for a writ of certiorari to quash an assessment for betterments, received from the widening of Dwight Street and the laying out of a new street from Dwight Street, as widened at Sanford Street, to State Street. The case is reserved upon the pleadings and an agreed statement of facts. The order of the city council under which the work in question was accomplished became effective December 29, 1916. It provided for the taking of certain lands by eminent domain in accordance with special statutes relating to Springfield, St. 1852, c. 94, § 14, St. 1873, c. 126, § 6, and the general law St. 1904, c. 443. The changes made under the order consisted of widening Dwight Street on the easterly side between Lyman Street and Harrison Avenue, and on the westerly side between Harrison Avenue and Sanford Street, and of laying out a new street from Dwight Street, as widened at Sanford Street, to State Street at a point opposite Willow Street. The order provided that the "laying out, altering, widening and grading be made and done under the provisions of law authorizing the assessments of betterments." The validity of the order was upheld by this court in *Nevins* v. *City Council of Springfield*, 227 Mass. 538.

The order, upon which the assessment for betterments to the land of the petitioner and other landowners was made, was passed by the board of aldermen and became effective December 23, 1918. The petitioner's land abuts on that part of Dwight Street that was widened and does not abut on the new street laid out from Sanford Street to State Street. The land assessed for betterments under the order includes all the land abutting on Dwight Street. The petitioner's land is assessed for $5,753 as one half the special benefit determined to have been received by it.

In the city of Springfield the board of aldermen are the officers authorized by law to assess betterments arising from the laying out and alteration of streets and ways. St. 1866, c. 174. St. 1867, c. 94. St. 1871, c. 382. R. L. c. 50, § 1. St. 1917, c. 344, Part III, §§ 1, 9. R. L. c. 8, § 5, cl. 10. St. 1852, c. 94.

The sole question presented by the record is, whether the assessment of betterments to the land of the petitioner is valid, it being his contention that the action of the board of aldermen in combining the cost of both the widening of Dwight Street and the laying out of the new street as the basis of assessment was illegal and void. In determining this question, it is important to consider what was provided for by the order of the city council and what was actually accomplished thereunder.

Dwight Street is a thoroughfare running in a northerly and southerly direction through the business section of the city from Lyman Street to State Street, and is nearly parallel with, and the next street easterly of, Main Street, the most extensively travelled highway in the city.

The original order cannot be held to be void because it included the widening of Dwight Street and the laying out of a new street from Dwight Street to State Street. The validity of that order was sustained by the decision in *Nevins* v. *City Council of Springfield, supra.* The entire improvement was embodied in a single order. It provided for the widening of Dwight Street for nearly its entire course, and by deflecting it for the remainder of its course without discontinuing the unwidened portion of the street, and at its southerly end making it a forked street, the new portion thereof abutting on State Street directly opposite Willow Street, which runs southerly from State Street. Two entrances from Dwight Street into State Street were thereby provided, one by means of the new street, the other by that portion of Dwight Street which remained and which had not been discontinued or widened. The length of the new street is about two hundred and fifty feet, and the entire length of Dwight Street through either of the branches at the southerly end is about twenty-four hundred feet. It appears from the plans which are attached to the agreed statement of facts that, with Dwight Street widened as provided in the order, without constructing the new street from Sanford Street to State Street, Dwight Street would have been about one

hundred and seventy-five feet wide at Sanford Street, while its only connection with State Street would have been through that part which was not widened and is only fifty feet in width. It is also apparent from the plans that the laying out and construction of the new street, without the widening of Dwight Street, would have resulted in the laying out of a street seventy feet wide and about two hundred and fifty feet long, ending at Sanford Street, which is less than fifty feet wide. The total cost including the damages awarded by the city council in the order of December 29, 1916, to the owners of land taken for the new street will amount to not less than $339,370.62; the damages awarded for the widening of Dwight Street from Lyman Street to Sanford Street, together with the cost of construction, will amount to not less than $1,234,- 676.23, as appears by the agreed statement of facts.

The determination of the city council that public convenience and necessity required that the changes be made, and that they be accomplished in the form in which they were prescribed in a single order, would seem to indicate that the whole improvement was considered as a unit and that those assessed should be charged with a share of the total expense. The only rational inference to be drawn from the order of the city council is, that the members thereof would not have determined that public convenience and necessity required either the widening of Dwight Street or the laying out of the new street, in view of all the circumstances, including their respective length, width, location and cost, without the other, or except as one continuous thoroughfare. It is admitted by the petitioner that the improvements so made constituted a single improvement in fact.

We are of opinion that the order of the city council, correctly construed, amounted to an "alteration" of Dwight Street as that word is used in R. L. c. 48, § 1, and as the same word is used in the betterment statutes. R. L. c. 50, § 1. It was said by this court in *Bigelow* v. *City Council of Worcester,* 169 Mass. 390, at page 393, "A technical alteration is the substitution of one way for another." *Bliss* v. *Deerfield,* 13 Pick. 102, 106. *Goodwin* v. *Marblehead,* 1 Allen, 37. It is obvious that the order and the work done thereunder, including the widening of Dwight Street and the laying out of the new street, constituted a single improvement, namely, the substitution of a new way from Lyman Street to State Street,

and authorized the board of aldermen to assess betterments upon the lands specifically benefited, based upon the entire cost of the improvement as a whole. The circumstance that public convenience and necessity required the laying out of the new way, as well as the widening of Dwight Street, did not prevent the assessment of betterments based upon the entire cost. The board of aldermen were authorized to deal with the whole improvement as a unit and to charge those assessed with a share of the total expense. *Yeamans* v. *County Commissioners*, 16 Gray, 36. *Upham* v. *Worcester*, 113 Mass. 97. *Alden* v. *Springfield*, 121 Mass. 27. *Lincoln* v. *Street Commissioners*, 176 Mass. 210. *Sears* v. *Street Commissioners*, 180 Mass. 274. *Smith* v. *Mayor & Aldermen of Worcester*, 182 Mass. 232, 234.

The case of *Arnold* v. *Cambridge*, 106 Mass. 352, relied on by the petitioner, is plainly distinguishable from the case at bar. In that case it appears that a single assessment was levied as a "just proportion" of the expense of the construction of two sidewalks under St. 1863, c. 191. The sidewalks were on two separate and distinct highways which, although they united at one point, yet formed two lines of travel nearly parallel to each other for about two miles. It was said in that case at page 355: "The power to treat two sidewalks in two distinct streets as one, for the purposes of assessment, is not given by the statute."

So far as cases cited by the petitioner and decided in other jurisdictions are not in harmony with the conclusion here reached, we are not constrained to follow them. As no error of law which would warrant a quashing of the order is shown, the entry must be

*Petition dismissed.*