CITY OF CAMBRIDGE *vs.* COUNTY COMMISSIONERS OF MIDDLESEX.

Middlesex. January 18. — 21, 1875. AMES & ENDICOTT, JJ., absent.

Where a city council, in the exercise of the authority conferred upon it by the legislature, orders land to be taken for the construction of a common sewer, defects in the previous notice of such order to the owner of the land can only be taken advantage of by petition for a writ of certiorari to set aside that order.

Where a city council, in the exercise of the authority conferred upon it by the legislature to assess the damages caused by the laying out of streets and sewers, orders that no damages be awarded to a person whose land it has taken for the construction of a common sewer, it thereby exhausts its jurisdiction in the case, and cannot afterwards entertain a new petition by the same petitioner for damages by the same laying out.

The provision of the Gen. Sts. c. 43, § 73, extending the time of applying for a jury by a person aggrieved by the damages awarded for land taken in the laying out of a town way to one year after the termination of a suit in which the legal effect of the proceedings is drawn in question, does not revive the right to apply for a jury in favor of a petitioner for a writ of certiorari, filed after the time of applying for a jury has elapsed, to set aside an order of a city council awarding damages for land taken by it in the construction of a common sewer.

A city council, in the exercise of the authority conferred upon it by the legislature, passed an order that certain land be taken for the construction of a common sewer and that no damages be awarded therefor. A., the owner of a portion of the land so taken, appeared before the passage of this order and opposed the taking of his land. A year afterwards the city council passed another order that a certain sum be paid to A., who, within six months thereafter, filed a petition to the county commissioners for a jury to determine his damages, which was granted. *Held,* upon a petition by the city for a writ of certiorari to the county commissioners, directing them to certify into this court their proceedings in the issue of the warrant for a jury, that the six months within which, by the special statute under which the city council acted, an appeal lay from its award of damages, began to run from the time of its first order, and that the consequent want of jurisdiction in the county commissioners could not be supplied by any waiver resulting from the subsequent acts of the city council.

PETITION for a writ of certiorari to the county commissioners of Middlesex, directing them to certify and bring into this court the records of their proceedings in the issue of a warrant for a jury to determine the damages caused to certain land in Cambridge, held by Henry O. Houghton, William T. Richardson and George S. Hale as trustees under the will of Solomon Sargent, by reason of the taking by the petitioner of a portion thereof for the purpose of laying out a common sewer. Hearing before *Ames*, J., who reported the case for the consideration of the full court in substance as follows :

The board of aldermen of the city of Cambridge passed an order that notice be given of the intention of that board to take the strip of land in question for the purpose of laying out, making and maintaining a common sewer, and assigning May 12, 1869, for hearing objections thereto, and caused the same to be published in a Cambridge newspaper. Upon the day it was returnable, the trustees above named appeared and opposed the taking of any land belonging to them as such trustees, but the board of aldermen passed an order that the said land be taken, and that no damages be awarded to the owners of land so taken for the public use. The same was concurred in by the city council and approved by the mayor on January 1, 1870, and no other notice was given to the trustees of the proposed action of the city council. Thereupon the trustees, on December 22, 1870, filed a petition for a writ of certiorari in this court against the city of Cambridge and its board of aldermen, and common council and city council, to quash the proceedings of the city taken by the passage of the last named order, alleging that the same was illegal and void and ought to be annulled:

" 1. Because, as they alleged, after appearing before the board of aldermen and objecting to the taking of the said strip of land, no notice was given to them that the city council or the said board had determined to take the said strip of land, or that they could be heard as to any estimate or assessment of damages, and they never were heard upon such assessment, and because without such notice and opportunity to be heard the said order of January 1, 1870, was passed. 2. Because, as they alleged, by the city charter of Cambridge, land cannot be taken for a sewer except by the action of the mayor and aldermen and of the common council acting separately, and the common council as well as the mayor and aldermen is by law bound to give notice and an opportunity to be heard to persons whose land it is proposed to take, and that the common council gave such trustees no opportunity to be heard on the question whether the said land should be taken or the assessment of damages for such taking."

After this petition for a writ of certiorari had been filed by the trustees, they presented to the city council a petition, representing that the said strip of land had been taken for the purpose aforesaid, that the residue of the estate held by them as trustees

was thereby greatly injured, and that they had received no compensation therefor ; and praying that the said city council would assess and pay to them the damages so sustained, but reserving the right to take advantage of any defects, errors or irregularities in any proceeding in reference to the said sewer. This petition was referred to the committee of the said council on reservoirs and drains, who heard the trustees upon their petition, and the amount of damage they had sustained by the taking of the land, and the said committee reported an order that $500 be paid to the said trustees as damages, which order was passed by the city council and approved by the mayor, December 31, 1870.

In less than six months from the passage of the last mentioned order, the trustees, being dissatisfied with the amount thereby awarded them as damages, appealed from that order and filed their complaint to the county commissioners for a jury to estimate the damage caused by the taking of the land. Before the county commissioners ordered the warrant for a jury, it was objected on the part of the city of Cambridge, before the commissioners, that the warrant should not be ordered, for these reasons : " 1. Because upon a petition for a writ of certiorari, proceedings in the same matter were pending in the Supreme Judicial Court for Middlesex County, in which the trustees were petitioners for the writ and the said city respondent. 2. Because the time had elapsed in which, by law, the trustees were entitled to have a warrant as prayed for."

The county commissioners overruled these objections, and a warrant was ordered in October, 1872, by the commissioners, and in June, 1873, the warrant was issued to the sheriff of said county of Middlesex, and by virtue of that warrant the sheriff summoned a jury to hear and determine the matter of the complaint, who estimated the damages and rendered their verdict thereon, which was returned to the Superior Court for the county of Middlesex, at September term, 1873, where the same and the said complaint to the commissioners are now pending.

This petition for a writ of certiorari to annul the proceedings of the county commissioners, was filed after the jury had been summoned by the sheriff to estimate the damages caused by the taking of the land. It further appeared that after the county commissioners had overruled the objections of the city of Cam-

bridge to the ordering of a warrant to summon a jury to estimate damages, and had ordered such warrant, the trustees notified the city of Cambridge, through its solicitor, of their intention to take out a warrant for a jury to make such estimate of damage, and repeatedly requested the city of Cambridge, through its solicitor, to proceed with its petition for a writ of certiorari, if it intended to dispute the validity of the action of the county commissioners, by such petition for the said writ; but such petition was not filed until the jury had been summoned as before stated.

Upon these facts the case is reported to the full court to determine whether the petitioner is entitled to a writ of certiorari to annul the proceedings of the county commissioners in ordering the sheriff to summon a jury to assess these damages caused by the taking of the said strip of land for a sewer. If the petitioner is entitled to have such proceedings annulled, the writ is to issue; otherwise the petition is to be dismissed.

*J. W. Hammond*, for the petitioner.

*D. E. Ware*, for the respondents.

GRAY, C. J. The statutes authorize the city council of Cambridge to lay out streets and sewers, and to estimate the damages which any person may suffer thereby; and require the application, by any person dissatisfied with its decision in the estimate of damages, to the county commissioners for a jury, to be made within six months thereafter. Sts. 1846, c. 109, § 18; 1853, c. 155, § 7; 1859, c. 137.

The first order of the city council in the present case is admitted to have been made in the exercise of this authority. If there was any defect in the previous notices thereof, it could be taken advantage of only by petition for a writ of certiorari to set aside that order. *Noyes* v. *City Council of Springfield*, 116 Mass. 87, and cases cited.

The estimate of damages was, and properly, if not necessarily, should be, part of the same order by which the sewer was laid out and the land taken. *Russell* v. *New Bedford*, 5 Gray, 31. The decision that no damages be awarded was an estimate of damages, within the meaning of the statute, and the time for applying for a jury began to run from the date of that decision. *Monagle* v. *County Commissioners*, 8 Cush. 360. *Smith* v. *Mayor & Aldermen of Boston*, 1 Gray, 72. *Cambridge* v. *County Commissioners*, 6 Allen, 134.

By making one such order, the city council exhausted its powers, and could not afterwards entertain a new petition by the same petitioner for damages by the same laying out. Any subsequent action of the city council on such a petition could have no validity as the judgment of a tribunal having jurisdiction of the case; but, if at all, only as the action of agents of the city by way of compromise and settlement of a claim against it. In *Revere* v. *Boston*, 14 Gray, 218, cited for the respondents, there was no adjudication upon this point; because, whether the waiver set up in that case was or was not allowed any effect, the petition for a jury was filed too late.

If the provision of the Gen. Sts. *c.* 43, § 73, extending the time of applying for a jury in the case of town ways, has any application to cases of this kind, it cannot be deemed its purpose that a petition for a writ of certiorari to set aside the original order of the city council, filed after the time of applying for a jury has elapsed, should revive the right to apply for a jury.

The necessary conclusion is, that after the expiration of six months from the first order the county commissioners had no jurisdiction of the subject matter of the petition for a jury, and this want of jurisdiction could not be supplied by any waiver. *Custy* v. *Lowell*, *ante*, 78, and cases cited.

*Writ of certiorari to issue.*