## HENRY H. FULLER *vs.* CITY OF SOMERVILLE.

Middlesex.    Jan. 11. — Feb. 27, 1884.    DEVENS & C. ALLEN, JJ., absent.

A city took land for laying out a way, and adjudicated no damages. The land-owners made no application for a jury within a year; but, before the year elapsed, they presented a petition for damages to the mayor and aldermen, which was referred to the committee on highways. This committee and the landowners agreed upon a rate of compensation, which the committee recommended the city to pay; and this sum was included in the committee's report of the cost of the way, and betterments were assessed upon that basis. The mayor and aldermen voted, on the same day that the betterments were assessed, to pay the landowners the sum recommended, upon receiving a deed of the land taken. This vote was concurred in the next day by the common council; and subsequently the land was conveyed in fee, and the price paid. *Held*, on a petition for a jury to revise the betterment assessment, that the sum so paid to the landowners could not be included in the assessment.

PETITION for a jury to revise a betterment assessment laid upon the petitioner's estate by the respondent city, for the laying out of a way. At the trial in the Superior Court, before *Staples*, J., the jury returned a verdict reducing the assessment; and the respondent alleged exceptions. The facts appear in the opinion.

*S. C. Darling*, for the respondent.

*W. S. Stearns & J. H. Butler*, for the petitioner.

HOLMES, J. On May 24, 1881, when the betterment in controversy was assessed, the city of Somerville was under no statutory liability for the land, the cost of which it included in its assessment. The land had been taken, and there had been an adjudication of no damages more than a year before, (May 12, 1880,) and no application had been made to the Superior Court. St. 1871, *c.* 382, § 7. It is true that, before the year had elapsed, the owners of the land referred to had presented a petition for damages to the mayor and aldermen; but this petition could not have been made the foundation of an appeal to a jury, and therefore did not of itself prolong the landowners' rights. The respondent admits that the jurisdiction of the city council as a tribunal was exhausted by the original adjudication. *Cambridge* v. *County Commissioners*, 117 Mass. 79.

The respondent contends, however, that it was still in the power of the city council to bind the city by a compromise;

and that a compromise was in fact made, the amount of which could properly be included in the cost of the road. It appears that the petition was referred to the committee on highways; that, April 6, 1881, the owners and the committee agreed upon a rate of compensation which the committee promised to recommend the city to pay; that the sum thus arrived at was included by the committee in their report of the cost, and an assessment of betterments on that footing recommended; and that their report was adopted, and the betterments assessed accordingly. It further appears that the same day (May 24, 1881,) the mayor and aldermen voted to pay the landowners the sum recommended by the committee, upon receiving a deed, satisfactory to the city solicitor, "conveying their right, title, and interest in and to the said land as above taken;" that this vote was concurred in the next day by the common council; and that, in the following June, the land was conveyed in fee, and the price paid.

Assuming that the city council had the power supposed, we do not think that the argument for the city is sustained by the facts. There are several answers to it. In the first place, the exceptions do not disclose a compromise. They show that the landowners had allowed their legal rights to be extinguished by lapse of time, (May 12, 1881,) when they had nothing but an understanding with a committee not authorized to bind the city. So far as the subsequent vote of the mayor and aldermen and common council bore on the damages caused by the taking, there is not the slightest reason to suppose that it was passed, or that any contract purported to be made, in consideration of the abandonment by the landowners of an obviously unfounded claim.

Again, construing the vote in the light of what was done under it, if the sum voted, or any part of it, was to be paid in respect of damages caused by the taking, and if such indeterminable part was not a pure gift or gratuity, that as well as the rest of the sum was to be paid upon a new consideration, the conveyance of the fee by the landowners. Any obligation founded upon that consideration could not be charged to the cost of the taking, or assessed for in the assessment of betterments.

Finally, even if the vote could have founded a legal obligation to pay damages as such, it was not concurred in by the common council until after the betterments were assessed.

*Exceptions overruled.*