Abbott Lawrence *vs.* Inhabitants of Nahant & others.

Essex. Nov. 9, 1883. — Feb. 29, 1884. W. Allen & Holmes, JJ., absent.

The selectmen of a town issued a notice, addressed to J. and H., heirs of the late P., stating that they proposed to lay out a road through certain land, including "the estate of the late P.," and appointing a time and place to hear all parties interested. This notice was enclosed in an envelope addressed to L., who was the husband of H., and was left at his residence in another town by a messenger, and came to his knowledge on the same day. J. was absent from the country at the time of these proceedings. P. died seised of the land over which the proposed way was located, and devised the same to J., who conveyed it to L. by a deed which was not recorded at the time of the proceedings in question. The selectmen had no notice of the conveyance to L.; and they did not post a notice of their intention to lay out the way. On the day before the proposed meeting of the selectmen, L. had a conversation with their chairman in regard to the intended way and the meeting; and, by reason of a misunderstanding on his part as to the quantity of his land taken by the location, he made no objection to the laying out, and said that he should not be present at the meeting. *Held*, on a bill in equity by L. to restrain the town from occupying his land, that the notice given by the selectmen was sufficient.

If private land has been entered upon and possession taken by the selectmen of a town for the purpose of constructing a way, which has been laid out by the selectmen and accepted by the town, a sewer may be constructed in the way by the selectmen without further notice or proceedings; and it is no objection to the validity of the laying out, that there is no intention to immediately complete the way, except as its construction is incidental to the building of the sewer.

Bill in equity, filed August 28, 1882, against the town and the selectmen of Nahant, to restrain the defendants from the

occupation of land of the plaintiff in said town. Hearing before *W. Allen*, J., who reported for the consideration of the full court the following case:

In February, 1882, the town of Nahant voted to lay and make common sewers therein according to certain plans; and some of the acts complained of were done by the defendant selectmen, in constructing such sewers.

The defendants justified on the ground that the acts were done within the limits of a town way laid out by the selectmen, and accepted by a vote of the town at its annual meeting on March 18, 1882. The acts done were subsequent to that vote, and were within the limits of the way as located.

The plaintiff contended that the way was not legally laid out, because no sufficient notice of the intention of the selectmen to lay it out was given.

The plaintiff was a resident of Boston; and, on March 1, 1882, the following notice was left at the plaintiff's residence in Boston, and came to his hands and knowledge on the same day:

" Nahant, Mass., February 28, 1882. The selectmen of Nahant hereby give notice that they propose laying out a road from Nahant Road, across Willow Road, and running through land of Albert Whitney, the estate of the late J. W. Paige, and Mrs. Fenno Tudor, according to plan in E. W. Bowditch's office in Nahant. Notice is hereby given, that the selectmen will meet to view the premises on Wednesday, March 8, at 3 o'clock, P. M., and at their office in Town Hall building at half-past three o'clock, the same day, to hear all parties interested.

"Edwin W. Johnson, Clerk Bd. Selectmen, Town of Nahant."

This notice was issued by authority of the selectmen of Nahant, and was left at the plaintiff's residence by their messenger. It was enclosed in an envelope addressed to the plaintiff, and the notice itself was addressed to J. W. Paige and Harriet Lawrence, heirs of the late J. W. Paige. J. W. Paige died seised of the land in 1868, leaving as his only children and heirs J. W. Paige and Harriet Lawrence, the wife of the plaintiff, and leaving a will, which was admitted to probate in the county of Suffolk, by which he devised the land over which said way was located to his son, J. W. Paige, who conveyed it to the plaintiff in May, 1879, by a deed which was never recorded;

and who in February, 1881, made another deed of the land to the plaintiff, which was recorded on March 30, 1882. The defendants had no notice of the conveyance to the plaintiff until the recording of said deed.

On March 7, 1882, the plaintiff had a conversation with one of the defendants, the chairman of the selectmen, in regard to the proposed way, and the proposed meeting of the selectmen on the next day to lay out the way. The plaintiff understood from that conversation, and from other information which he had received from the defendants, that only about forty square feet of the land would be taken by the location, and made no objection to the laying out of the way, and said that he should not be present at the meeting. About 15,000 feet of the plaintiff's land was in fact taken by the location, and, but for the mistake of the plaintiff as to the quantity of land taken, he would have opposed the establishment of the way. The mistake of the plaintiff in regard to the quantity of land taken was not in consequence of the negligence or fault of either party.

There was a plan of the proposed location filed in the office of E. W. Bowditch, named in the notice, which covered somewhat more of the plaintiff's land than was taken by the way as located on March 8. The final plan was filed in the office of the town clerk on March 11.

J. W. Paige, the father, was a resident of Boston at the time of his death, and J. W. Paige, the son, has ever since then had his residence in Nahant, but was absent in Europe at the time of the proceedings referred to, and has not been in Nahant since the year 1878. The estate has been taxed to him since the year 1872.

No notice of the intention of the selectmen to lay out the way was posted up in said town of Nahant.

The plaintiff further contended, that if the proceedings in laying out said way were legal and valid, yet there had been no such taking of the land for the purpose of constructing the way as would authorize the acts of the defendants.

In the annual report of the selectmen to the inhabitants of Nahant, made before the meeting at which the way was accepted, the selectmen say: " One object of this road is that the sewer may be built through it. Another is, that when it is

built it will be a great public convenience. We do not recommend the building of this road at once, but think that any surplus materials the town may have from time to time could be dumped into it, and that, eventually, its construction will not be very expensive." An appropriation was made at said meeting for land damages, but none for the construction of said way.

In April, 1882, the selectmen entered upon the land, and did the acts complained of, for the purpose of constructing the sewer, but with no intention of immediately constructing the way, except as that was incidental to the work done upon the sewer. No grade of the way has been fixed, except as that will be determined by the construction of the sewer, the covering of which is about four feet higher than the natural surface of the land. It is the purpose of the defendants, from time to time, as it can be conveniently and economically done, to add to the filling upon the sewer so that the whole way shall be graded to correspond with that, but they have not entered upon the land or done work upon it for the construction of the way, except as that was involved in and incidental to the work upon the sewer. Upon a part of the way, not over the plaintiff's land, they have done some filling towards the construction of the way, which was not required for the construction of the sewer.

The plaintiff is entitled to the relief sought, unless the defendants are authorized to construct a sewer upon his land.

*F. Peabody, Jr.*, for the plaintiff.

*S. Lincoln*, for the defendants.

FIELD, J. The acts done were within the limits of a town way, which the plaintiff contends was not legally laid out, because no sufficient notice of the intention of the selectmen to lay it out had been given to him. It is evident from the facts found in the report, that the plaintiff had substantially the same notice and knowledge of the intention of the selectmen to lay out the way that he would have had if the notice he received had been addressed to him, and the selectmen had known that he was the owner of the land. When notice is delivered to the owner in person, it cannot be necessary to post up a notice. The plaintiff could not, under the facts stated, by a writ of certiorari, quash the order laying out the way. If the plaintiff has

suffered any injury by the laying out, it has been caused by his own neglect, and he ought not to derive advantage from concealing or not disclosing his title. Pub. Sts. c. 49, § 6. *Brown* v. *County Commissioners*, 12 Met. 208. *Pickford* v. *Mayor & Aldermen of Lynn*, 98 Mass. 491. *New Salem, petitioner*, 6 Pick. 470. It is not shown that the laying out was void *ab initio*.

The complaint that the grade of the way has not been fixed is not made in the bill, and no complaint is made that the boundaries and measurements of the way were not properly set out in the report to the town, or in the plan filed with the town clerk, pursuant to the Pub. Sts. c. 49, § 71.

If the laying out of a common sewer, in February, 1882, was invalid, still, after the way was laid out and accepted, a sewer could be constructed in it by the selectmen, without further notice or proceedings. It appears that the land has been entered upon and possession taken for the purpose of constructing the way. Pub. Sts. c. 49, § 69. *Boston* v. *Richardson*, 13 Allen, 146, 159. The plaintiff complains that the acts were done for the purpose of constructing the sewer, and that there is no intention immediately to construct the way, although the intention is to construct it hereafter from time to time, as it can conveniently and economically be done. Upon a part of the way, work has been done for the purpose of constructing the way. There is no statute which requires the construction of a town way, laid out by selectmen, to be completed within any definite time. It is not necessary to consider what remedies the plaintiff has if the defendants unreasonably neglect to complete the construction of the way. The way was accepted on March 18, 1882; the bill was filed in August, 1882; the way has not been discontinued, and the laying out has not become void, under the Pub. Sts. c. 49, § 88. *Poor* v. *Blake*, 123 Mass. 543. No authority is shown for enjoining the defendant from constructing a way lawfully laid out. *Whiting* v. *Mayor & Aldermen of Boston*, 106 Mass. 89. *Bill dismissed.*