### BRIDGET VISCARDI *vs.* INHABITANTS OF GREAT BARRINGTON.

Berkshire.     September 12, 1899. — October 20, 1899.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Costs upon Petition for Damages caused by raising Grade of Way.*

If the selectmen of a town make no award upon a petition filed with them for damages caused by raising the grade of a highway on which land of the petitioner abuts, the petitioner, upon application for a jury under the provisions of Pub. Sts. c. 52, § 16, and the recovery of damages, is entitled to costs.

APPEAL from a judgment of the Superior Court affirming a taxation of costs by the clerk in favor of the petitioner. The facts appear in the opinion.

*H. C. Joyner*, for the respondent.

*Harriet L. Kilbourne*, for the petitioner.

HOLMES, C. J. The petitioner filed her petition with the selectmen for damages caused by raising the grade of a high-

way adjoining her land. The selectmen neglected to act upon the petition, and the petitioner thereupon applied for a jury under Pub. Sts. c. 52, § 16. The jury allowed her damages, and subsequently the clerk taxed costs in her favor. The respondent appealed to a justice of the Superior Court and then to this court. The only question argued is whether in such a case it can be said that "the damages are increased beyond the award" within Pub. Sts. c. 49, § 105, inasmuch as the selectmen made no award. The case is plainly within the policy of the latter statute, and it is not advisable to enable selectmen to avoid one of the usual consequences of defeat in a lawsuit by neglecting to do what the statute in terms directs them to do. It has been said repeatedly by this court that if no damage is returned by a board charged with the duty of assessing damages, the conclusion is that in the judgment of that board none has been sustained. *Monagle* v. *County Commissioners*, 8 Cush. 360, 362. *Sisson* v. *New Bedford*, 137 Mass. 255, 257. *Driscoll* v. *Taunton*, 160 Mass. 486, 492, 493.

The argument for the respondent is based largely on a denial of the duty of the selectmen to act upon the petition to them in a case like the present, because the statute contemplates the possibility of their neglecting it. Pub. Sts. c. 52, § 16. But the words of § 15 are, "shall finally adjudicate upon the question of damages within thirty days after the filing of the petition therefor." We see no reason for making a distinction between this case and those in which the court has intimated its opinion.

*Taxation affirmed.*