JAMES J. HAFEY *vs.* COMMONWEALTH.

Hampden.    September 26, 1905. — December 1, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Damages.    Superior Court.    Jurisdiction.*

Under R. L. c. 47, § 9, one whose property has been taken for or injured by the construction or alteration of a road to be taken charge of by the highway commission as a State highway, if that commission has assessed no damages for his benefit, may apply directly to the Superior Court for an assessment of his damages without first applying to the highway commission for an assessment.

KNOWLTON, C. J.    This is a petition for an assessment of damages alleged to have been suffered by reason of the alteration and construction of a road, taken charge of by the highway commission as a State highway, under the provisions of R. L. c. 47, §§ 5, 6. The petition was filed in the Superior Court, under § 9 of this chapter, and the contention of the respondent is that the court had no jurisdiction because no application for an assessment had been made to the highway commission, and the commission had made no assessment.

The judge refused to rule in accordance with this contention, and allowed damages for the petitioner to be assessed by the jury. The respondent excepted to this ruling.

It was agreed at the trial "that no damages had been awarded by the highway commission," and if we assume, in

accordance with the respondent's contention, that this is equivalent to an agreement that the petitioner did not apply to the commission for an assessment, we come directly to the principal question presented at the argument.

The first part of said § 9 is as follows: "The damages sustained by any person whose property has been taken for or has been injured by the construction or alteration of such highway shall be determined by said commission and shall be paid by the Commonwealth. A person who is aggrieved by such determination, may, upon a petition filed in the Superior Court, . . . have said damages determined by a jury," etc. Our decision depends upon whether it is the duty of the highway commission, at the time of laying out a new way, or after having altered or changed the construction of an existing way, to assess damages for property taken or injured, without an application by persons entitled to damages, or whether they ought not to act except in cases where damages are formally claimed by a petition. It has often been held by this court that when a board, charged with the duty of assessing damages for land taken or injured, fails to make an assessment, such failure is equivalent to an adjudication that there are no damages. Upon such failure, the party aggrieved may apply for a trial by jury. *Monagle* v. *County Commissioners*, 8 Cush. 360, 362. *Viscardi* v. *Great Barrington*, 174 Mass. 406. *Driscoll* v. *Taunton*, 160 Mass. 486. *Albro* v. *Fall River*, 175 Mass. 590. The language quoted above from § 9 is very similar, in its substantive requirement, to the language of R. L. c. 48, §§ 13, 14, in regard to assessments by county commissioners of damages caused by the laying out, relocation, alteration or discontinuance of a highway, or by specific repairs upon a highway. In all such cases, it is the duty of the county commissioners to assess damages without an application by the landowner. It is true that the language relating to such assessments by county commissioners requires them, in terms, to make return of the damages. It is possible to found a distinction upon this difference in the language, and upon other differences of procedure in the two classes of cases. But the difference between this language in § 9 and that of R. L. c. 51, § 15, is still greater, for in this latter section, damages are to be assessed only when the owner "files his petition for compensa-

tion with the mayor and aldermen or selectmen or road commissioners." We think it is better to hold that the statute puts upon the highway commission the duty to take notice of cases in which their action causes damages to landowners, and to make assessments of these damages without waiting for an application. There is no provision in terms for a petition or application by a landowner to the highway commission for an assessment. This implies that the required determination of damages by the commission shall be of its own motion, and that its failure to award damages shall be treated as an adjudication that there are no damages.

That the person aggrieved should have an opportunity, under such circumstances, to have his damages assessed by a jury, is in accordance with the intent manifested by the Legislature in the St. 1900, c. 299, which is embodied in the R. L. c. 48, § 109.

*Exceptions overruled.*

The case was submitted on briefs at the sitting of the court in September, 1905, and afterwards was submitted on briefs to all the justices.

*L. White*, for the defendant.
*J. B. Carroll & W. H. McClintock*, for the plaintiff.