GILES TAINTOR *vs.* MAYOR AND ALDERMEN OF CAMBRIDGE. SAME *vs.* CITY OF CAMBRIDGE.

Middlesex.    January 6, 1908. — February 27, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Damages*, For property taken or injured under statutory authority.    *Tax*, Assessment of betterments.    *Way*, Public.    *Words*, "Estimate of damages."

An order for the laying out and widening of a street, made by a city council under the law authorizing the assessment of betterments, after complying with the provisions of R. L. c. 48 in regard to notice, which takes part of the land of an abutter without allowing any damages to him or to the other persons whose lands are taken, making no declaration on the subject, is an adjudication that none of these persons is entitled to any damages, which is an " estimate of damages," and after such adjudication it is too late for the abutter to elect to surrender the whole of his land under R. L. c. 50, § 4, in order that the city council may take it if they adjudge that the public convenience and necessity require the taking of the whole of such abutting estate, as this section requires the abutter to give notice in writing of his election to surrender his land " before the estimate of damages is made."

SHELDON, J.    The petitioner in the first case was an owner of land abutting on Brown Street in Cambridge.    The city

council of that city, by order approved by the mayor on December 16, 1905, took a part of his land for the purpose of widening and laying out that street, under the provisions of law authorizing the assessment of betterments. On September 28, 1906, he gave notice in writing to the respondents, constituting the board named in R. L. c. 50, § 4, that he elected to surrender all his land. Thereupon the city council passed an order, approved by the mayor December 6, 1906, that upon this notice the board adjudged "that the public convenience and necessity do not require the taking of the abutting estate for the improvements named."

The petitioner now asks that the respondents be ordered by writ of mandamus " to pass orders showing that they have adjudicated that public convenience and necessity required the taking the whole of the estate of the petitioner . . . and that they have taken the whole of said estate."

A short answer to this claim of the petitioner well might be that it affirmatively appears that the board did not make any such adjudication as is alleged, but that it expressly adjudged the contrary. As, however, a decision upon this ground would leave open the question whether, after the petitioner's notice, there was any valid taking of the whole or any part of the petitioner's land under the order of December 16, 1905, and as the whole case has been elaborately argued by the petitioner, we have preferred to consider the main question involved, whether, after the passage of the order laying out the street and taking a part of the petitioner's land therefor, he had any right to surrender his whole estate under the provisions of R. L. c. 50, § 4. If he had such right, he undoubtedly is entitled to some redress, in some form of action; if not, his attempted surrender was wholly nugatory, and could not affect in any way the validity of the original taking. The original validity of the order has been already established in previous litigation between these parties. *Taintor* v. *Mayor & City Council of Cambridge,* 192 Mass. 522.

The provisions for the laying out of streets are embodied in R. L. c. 48. They contain ample provisions to secure notice to all landowners of an intended lay-out of streets for which any of their land may be taken or injuriously affected. See §§ 3, 12,

60, 67, 79, 88 and 94 of that chapter. St. 1904, c. 443, § 3. *Masonic Building Association* v. *Brownell*, 164 Mass. 306, 309. *Lawrence* v. *Nahant*, 136 Mass. 477. *Grace* v. *Newton Board of Health*, 135 Mass. 490, 496, 497. *Fitchburg Railroad* v. *Fitchburg*, 121 Mass. 132. And it is settled under R. L. c. 48, §§ 13, 14, 68, 94, that a failure to state that any damages have been awarded to one whose land has been taken, in whole or in part, is an adjudication that no damages have been sustained by him, which not only authorizes him to proceed at once to have the amount of his damages settled by a jury, but, except as provided in R. L. c. 48, § 28, sets in motion the running of the time within which he must so proceed if he desires to do so at all. *Janvrin* v. *Poole*, 181 Mass. 463, 466. *Phillips* v. *County Commissioners*, 122 Mass. 258, 261. *Hafey* v. *Commonwealth*, 189 Mass. 540, and cases there cited. There is nothing in *Jones* v. *Boston*, 104 Mass. 461, inconsistent with these decisions. We have assumed in favor of the petitioner that the city of Cambridge is subject to the provisions of the statute in question in spite of any special provisions in its charter, and that it would be its duty upon seasonable notice of an election under the statute either to accept the proposed surrender by the passage of suitable orders or to abandon the contemplated public improvement.

If the order in question had contained the statement that the petitioner's damages were assessed at a certain sum, there would be no doubt that the time within which he might elect to surrender his whole estate under R. L. c. 50, § 4, had expired. The same rule would necessarily be applied if the order had contained an express statement of an adjudication by the board that the petitioner was not entitled to any damages for the taking of his land. This would have been an estimate of his damages within the meaning of the statute just cited. But it is settled by the decisions already and hereafter referred to that the legal effect of the order in fixing the rights of the parties is the same as if it had contained the statement of such an adjudication and only one such adjudication can be made. *Cambridge* v. *County Commissioners*, 117 Mass. 79, 83. *Fuller* v. *Somerville*, 136 Mass. 556.

It follows that the failure in the order of lay-out passed

December 16, 1905, to allow any damages to the petitioner or the other persons, parts of whose lands were taken for the laying out and widening of Brown Street, must be regarded as an adjudication that none of these persons was entitled to any damages. This was an estimate of damages. The petitioner's notice that he elected to surrender his whole estate was accordingly given too late; it should have preceded the order for the final lay-out of the street and the taking of his land. Nor is any injustice done to the landowner by this limitation. He has ample opportunity in the preliminary proceedings, and before the final action of the board which has the power to act, for surrendering his whole estate if he so desires. This petitioner had sufficient opportunity so to do during the proceedings which are referred to in the preamble to the order of December 16, 1905, and which are stated in the papers in *Taintor* v. *Mayor & City Council of Cambridge*, 192 Mass. 522. A careful consideration of the arguments made and the decisions referred to by the petitioner has confirmed us in the views here stated. See *Holt* v. *Somerville*, 127 Mass. 408, 409 ; *Barnstable Savings Bank* v. *Boston*, 127 Mass. 254; *Prince* v. *Boston*, 111 Mass. 226, 229; *Whiting* v. *Mayor & Aldermen of Boston*, 106 Mass. 89, 95; *Dorgan* v. *Boston*, 12 Allen, 223, 241, 242. The petition for mandamus must be dimissed ; * and it is

*So ordered.*

The second case is a petition for the assessment of damages for the taking of his whole estate, which is sought to be maintained on the ground that it was the duty of the city, upon receipt of the petitioner's election to surrender his whole estate, to proceed actually to take it, and that the city is estopped to deny such a taking. To this contention it is a sufficient answer to say that not only has the proper board, instead of taking it, expressly refused so to do, but for the reasons already stated the board was under no duty or obligation to make such additional taking. Accordingly the petition cannot be maintained; and we need not consider whether there

---

* The case was reserved by *Loring*, J., upon the pleadings and the evidence for determination by the full court.

was any ground upon which the evidence rejected could have been admitted.*

*Exceptions overruled.*

*G. Taintor, pro se.*

*G. A. A. Pevey,* for the respondents, submitted a brief.

---

* The case was tried in the Superior Court before *Hardy,* J., who ordered a verdict for the respondent. The petitioner alleged exceptions to this ruling and also to the exclusion of certain evidence, now immaterial.