CITY OF WORCESTER *vs.* COUNTY COMMISSIONERS OF WORCESTER.

Worcester. May 8, 1933. — July 3, 1933.

Present: RUGG, C.J., PIERCE, WAIT, FIELD, & DONAHUE, JJ.

*Tax,* Abatement, Betterment. *Worcester. Rules of Order. Municipal Corporations. County Commissioners.*

The city council of Worcester in 1931, in dealing with petitions for abatements which it declined to grant, customarily gave the petitioner "leave to withdraw." A petition for abatement of a street betterment assessment laid on March 9, 1931, was filed with the council on March 16, 1931, and the council, after a report by a committee, voted that the petitioner be given "leave to withdraw," and he was so notified. He did not file an appeal therefrom with the county commissioners, but on July 16, 1931, filed a second petition for abatement of the same betterment assessment with the city council, who on November 9, 1931, again voted "leave to withdraw" and so notified him. On December 8, 1931, he filed an appeal therefrom with the county commissioners, who granted the petition and abated the tax. The city then sought by certiorari proceedings to quash the action of the county commissioners. *Held,* that

(1) If the vote of the city council on the first petition denied it, the county commissioners had no jurisdiction in the matter, since the petitioner did not appeal from the denial within thirty days;

(2) If the vote of the city council on the first petition denied it, the petitioner had no right to file the second petition and the county commissioners had no jurisdiction on an appeal from its denial;

(3) If the votes, "leave to withdraw," did not deny the petitions but left the petitioner a right to present them again, the county commissioners were without jurisdiction because there had been no final action on either petition from which an appeal could be taken.

(4) The proceedings of the county commissioners were ordered quashed.

PETITION, filed in the Supreme Judicial Court for the county of Worcester on April 9, 1932, and described in the opinion.

The respondents demurred. The case was reserved by *Rugg,* C.J., upon the pleadings and a stipulation by the parties for determination by the full court. Material facts are stated in the opinion.

The case was submitted on briefs.

*W. D. Allen, R. E. Marshall, & A. M. Hillman,* for the petitioner.

*R. B. Dodge, A. T. Saunders, & S. G. Barker,* for the respondents.

PIERCE, J. This case, a petition for a writ of certiorari, is reserved by the Chief Justice at the request of all parties upon the petition, demurrer and stipulation for the determination of the full court, all parties expressly waiving the right to file further pleadings.

The pertinent facts, excerpted from the "Agreed Statement of Facts" filed with the county commissioners, disclose that one Alex B. Tauras on July 7, 1930, was the owner of a parcel of land on Cohasset Street in the city of Worcester. On that date the city of Worcester adopted an order for the acceptance of Cohasset Street by the city as a public street and provided for the laying out and construction of the same under the betterment act. The street was duly laid out and constructed and on March 9, 1931, the city council levied two assessments upon the land of one Alex B. Tauras whose land abutted upon said street. On March 16, 1931, Alex B. Tauras filed a petition with the city council asking for an abatement of both these street betterment assessments. This petition was referred by both branches of the city council to the committee on streets on March 16, 1931. The committee on streets on May 20, 1931, gave said petitioner a hearing and recommended to the city council an abatement. The city council on May 25, 1931, adopted an order recommitting this report with the recommendation for the order of abatement to the street committee. The street committee at its meeting on May 28, 1931, voted that the petition be returned to the city council with the recommendation that the petitioner be given "leave to withdraw." The city council on June 8, 1931, adopted an order accepting the report of the street committee and giving the petitioner "leave to withdraw" on his petition for abatement; and on June 15, 1931, the following notice was sent to said petitioner and was received by him: "Alexander Tauris 15 Cohasset Street. Worcester, Mass. Dear Sir: At a meeting of the City Council held

June 8, 1931, it was voted upon your petition for abatement of Street Betterment Assessment on Cohasset Street, that you be given leave to withdraw. Very truly yours, Malcolm C. Midgley, City Clerk."

On July 16, 1931, Alex B. Tauras filed another petition with the city council asking for an abatement of the street betterment assessments on Cohasset Street. The city council on September 14, 1931, adopted an order referring this petition to the committee on streets. The street committee, after a hearing on November 5, 1931, at which said petitioner appeared and was heard, upon having their attention brought to the prior petition voted to recommend to the city council that the petitioner be given "leave to withdraw." On November 9, 1931, the city council accepted the report of the street committee and adopted the accompanying order giving the petitioner "leave to withdraw"; and on November 13, 1931, the following notice was sent to the petitioner and received by him: "November 13, 1931, Alex B. Tauras, Worcester, Mass. Dear Sir: At a meeting of the City Council held Nov. 9, 1931, it was voted upon your petition for abatement of Street Betterment Assessment on Cohasset Street, that you be given leave to withdraw. If you are aggrieved by the decision of the City Council, you may appeal therefrom by filing a petition for· abatement with the County Commissioners, or in Superior Court, within thirty days, as provided by the General Laws, Chapter 80, Section 7 and 10. Very truly yours, Malcolm C. Midgley, City Clerk."

If material to this case it is agreed that the customary method of the city council of Worcester in dealing with petitions which it declines to grant is to give the petitioners "leave to withdraw." It is also agreed that the Rules and Orders of the City Council under which the city council ·' was acting contain this provision: "Section 20. When there occurs any difference of opinion as regards modes of proceeding not otherwise provided for, the City Council shall be governed by parliamentary practice as set forth in Cushing's 'Manual of the Law and Practice of Legislative Assemblies.'"

On December 8, 1931, Alex B. Tauras filed a petition for abatement with the county commissioners for the county of Worcester, setting forth the material facts and asking that the assessment be abated; the city of Worcester was made a party to this petition and appeared by the city solicitor in the proceedings. The city of Worcester filed an answer setting forth the fact that two petitions to the city council had been filed by Alex B. Tauras; that he was entitled to file only the first petition; that he had neglected and failed to file a petition with the county commissioners within thirty days after receiving notice of the decision of the city council and therefore the county commissioners were without jurisdiction. Thereafter the said county commissioners considered and adjudged that the petitioner Tauras was entitled to maintain his petition and that he be granted an abatement of assessment No. 7304, amounting to $329.49, with such costs as he might be entitled to in accordance with the law. On the above facts the city of Worcester prayed that a writ of certiorari may issue from this court directed to the county commissioners commanding them to return to this court true and complete records of their proceedings relative to the petition of Alex B. Tauras for abatement of street betterment assessments, to the end that all or such part of said proceedings as may be found to be erroneous may be quashed and further dealt with. The county commissioners of the county of Worcester demurred to the petition of the city of Worcester and the case is before this court on said demurrer.

Following the filing of the demurrer it was stipulated between the parties that there may be included "as agreed upon the facts that Cushing's 'Manual of Law and Practice of Legislative Assemblies,' in Part V, Chapter Seventh, Paragraphs 1173 and 1174, is as follows: 1173. 'Under the authority above mentioned, or of that which results from the simple reference of a petition, a great variety of reports, depending, of course, upon the nature of each petition, may be made, but they may all be included in the three different classes of, first, reports in favor of granting the prayer of the petitioners; second, against granting the prayer; or,

thirdly, declining to grant it, but without concluding the petitioners. These reports are considered and agreed to like other resolutions, and may be amended in such manner, as for example, so as to substitute one for another, as the assembly may direct.' 1174. 'If a resolution is agreed to for granting the prayer of the petitioners, and this is of such a nature that it can only be effected by passing a bill in their favor, the assembly may thereupon take the necessary steps for that purpose; or the committee may be authorized either specially or generally to report a bill at once. If a resolution is agreed to against granting the prayer of a petition, this is a regular judgment of the assembly upon the claim which effectually precludes its being opened or set up afterwards. If the assembly agrees to a resolution in the third form, it is usually expressed in these terms, namely, that the petitioners have leave to withdraw their petition. In this case the petition, although not granted, is not refused, but may be withdrawn and presented again.'"

The agreed facts filed with the county commissioners establish that the petitions of Alex B. Tauras were filed with the city council of Worcester within six months from the date of the street betterment assessments as provided in G. L. (Ter. Ed.) c. 80, § 5. Under said chapter and section it thereupon became the duty of the city council to "grant such abatement as may be necessary to make such assessment conform to" G. L. (Ter. Ed.) c. 80, § 1, that is, to determine on the petition that the assessment does not "exceed the amount of such adjudged benefit or advantage." In the pending case the city council referred the petition of March 16, 1931, to its committee on streets. On May 20, 1931, the street committee gave the petitioner Tauras a hearing and thereafter recommended to the city council that an abatement be granted. On May 25, 1931, the city council recommitted the report of the street committee to that committee which voted on May 28, 1931, that the petition be returned to the city council with the recommendation "that it be given 'leave to withdraw.'" On June 8, 1931, the city council adopted an order accepting the report

of the street committee and giving the petitioner "'leave to withdraw' on his petition for abatement." Notice of this action was sent to the petitioner Tauras on June 15, 1931, and was received by him.

Notwithstanding the usual parliamentary rule that the acceptance of a committee report "leave to withdraw" imports that "the petition, although not granted, is not refused, but may be withdrawn and presented again," the city of Worcester contends that the vote of the city council in the present case "that you be given leave to withdraw" should be interpreted in accord with the customary method of procedure of the city council of Worcester, and that so interpreted a vote that a petitioner be given leave to withdraw is a denial of a petition which it declines to grant. Assuming the petition of Alex B. Tauras was denied by the vote of the city council on June 8, 1931, he was not entitled to file a new petition under G. L. (Ter. Ed.) c. 80, § 5. His only remedy was by appeal either to the county commissioners or to the Superior Court. G. L. (Ter. Ed.) c. 80, §§ 7, 10. *Cambridge* v. *County Commissioners*, 117 Mass. 79, 83. The petitioner Tauras did not file an appeal within thirty days after notice of the denial of the petition for abatement was received by him. The county commissioners were therefore without jurisdiction to entertain an appeal from the vote of June 8, 1931, whether that vote operated as a denial of the petition or as an order declining to grant it without concluding the right of the petitioner to withdraw his petition and file a new petition. *Custy* v. *Lowell*, 117 Mass. 78. The petitioner Tauras, however, filed a new petition for the abatement of said street betterments assessment on July 16, 1931. The city council on September 14, 1931, referred this petition to the committee on streets. The committee at a hearing on November 5, 1931, at which the petitioner was present, upon having their attention brought to the prior petition, voted to recommend to the city council that the petitioner be given leave to withdraw. On November 9, 1931, the city council accepted the report of the street committee and adopted an order giving the petitioner leave to withdraw. Notice of this action was

sent to and received by the petitioner on November 13, 1931. On December 8, 1931, within thirty days from the passage of the order and receipt of notice thereof, the petitioner filed with the said county commissioners a petition for abatement setting forth substantially the necessary allegations and praying that the said assessment be abated.

The notice of November 13, "that you be given leave to withdraw" is obnoxious to the same criticism as the prior notice to withdraw. If the prior notice was ineffective as a denial of the petition, it is difficult to see how the same form of declining to grant the second petition "was . . . tantamount" to a refusal to abate the assessment because, as the respondents contend, if the petitioner accepted the decision and withdrew his petition, he could not file another in season to appeal from an order against granting the petition, and so would be deprived of his right to a judicial review of his petition by means of an appeal to the county commissioners or to the Superior Court. It is plain no right of appeal is given before a final adjudication by the board which made the order of assessment; and equally plain that the county commissioners were without jurisdiction to act before such final order of the assessing board. On the ground that the order of June 8, 1931, was a final order, or on the ground that the orders of June 8, 1931, and November 9, 1931, were denials of the petitions "without concluding the petitioners," we think that the county commissioners were without jurisdiction to act in the premises; that the demurrer should be overruled; and that the writ should issue as prayed for and the proceedings of the respondents be quashed.

*So ordered.*