*Northern District*

No. 5480

AMORINO A. DELLO RUSSO ET AL

v.

METROPOLITAN TRANSIT AUTHORITY

(April 21, 1961)

*Present:* Brooks, P. J., Eno & Northrup, JJ.

Case tried to ——————, *J.,* in the First District Court of Eastern Middlesex. No. 2055 of 1955.

*Eno, J.* This is an action of tort for personal injuries sustained by a mother and her child, and property damage by the owner of an automobile, against the defendant, whose M.T.A. bus was in collision with it.

None of the plaintiffs testified. There was conflicting testimony concerning the collision. The operator of the automobile testified that he was using it for his own personal use with the permission of the owner; that he was stopped at about a car's width's distance from the curb on the right walk 1½ feet wide; that he had stopped the car on hearing the female plaintiff call him from the sidewalk on his left; that she came across the street with her

child in her arms to ask him for a ride; that while at a standstill the automobile was struck first on its left rear quarter and then along the entire left side and door as the mother was placing the child on the back seat, throwing them both to the floor causing them injuries.

The operator of the defendant's bus, called by the plaintiff, after describing the width of the street and the length of the bus testified that he saw the auto parked in the street; that he waited five minutes, blew his horn for three minutes, then backed the bus three or four feet and started to drive to the left of the parked automobile; that while doing this at a speed of five miles per hour he heard a noise on the right side of the bus and stopped.

A bus passenger, called by the defendant, testified that he was seated on the righthand side at the rear of the bus when he saw plaintiff's automobile back out of a parking lot on the left side of the road; that he saw a man and woman standing in the street throwing a bundle back and forth between them; that the bus horn was sounded continuously for three minutes while the bus was stopped right in back of the automobile; that he saw a woman standing in the street at the left front of plaintiff's automobile; that she opened the door and caused it to strike the bus while she was standing and that only the automobile's door was damaged. All of this testimony was afterwards denied by the operator of the plaintiff's automobile.

There was also evidence to explain the reasons for the absence of the mother.

The court allowed plaintiff's requests for rulings

1. On the weight of evidence and the law, Michael Dello Russo was in the exercise of due care.

and

6. If the court finds that the operators of both vehicles were negligent, each of the plaintiffs is entitled to recover.

and, denied those numbered

2. On the weight of credible evidence and the law, Gloria Dello Russo was in the exercise of due care.

3. On the weight of credible evidence and the law, where the plaintiff's auto was being operated by the driver for his own personal use, Amorino Dello Russo is entitled to recover.

4. On the weight of credible evidence and the law, defendant's operator was negligent in failing to properly negotiate the bus so as to avoid striking the plaintiff, Amorino Dello Russo's auto.

5. On the weight of credible evidence and the law, the operator of Amorino Dello Russo's vehicle exercised due care.

The trial judge, apparently adopting the passenger's version of the collision, found "that the operator of the defendant's bus was in no way negligent in the operation of the bus".

■ The plaintiff's requests were either requests for findings of facts which the trial judge was not required to make or became immaterial in view of his findings of facts.

■ The plaintiff argues that the trial judge should not have believed the defendant's witness and that the testimony of the plaintiff's operator was more worthy of belief.

The answer to that argument is that the Appellate Division cannot review questions of facts.

■ The trial judge was not bound to believe even uncontradicted evidence and could accept or reject in whole or in part the testimony of the witnesses. *Lindenbaum v. NY, NH & H.RR,* 197 Mass. 413; *Learned v. Hamburger,* 245 Mass. 461.

The burden of proof was on the plaintiff and we cannot say that it was sustained from the reported evidence.

The report is to be dismissed.

S. Blumenthal of Boston, for the Plaintiffs.
Philip A. Brine of Boston, for the Defendant.